Richard DIETZ, Administrator of Adoption, Arkansas
Social Services Department *v*. Michael BEVILL and
Mary Edith BEVILL

82-129                                          637 S.W.2d 555

Supreme Court of Arkansas
Opinion delivered July 12, 1982

*Breck G. Hopkins,* for appellant.

*Highsmith, Gregg, Hart & Farris,* by: *Josephine Linker Hart,* for appellees.

FRANK HOLT, Justice. The Arkansas Social Services petitioned the probate court for an appointment as guardian with the power to consent to the adoption of appellee Michael Bevill's two minor children, Carri LeeAnn and Teresa Michelle, 7 and 9 respectively. Their mother is deceased. These two children have been in the custody of the Arkansas Social Services from December, 1978, until the time of the hearing in their action in August, 1981. The court struck the responsive pleadings filed on behalf of appellee Michael Bevill and appellee Mary Edith Bevill, the paternal grandmother, insofar as such pleadings related to custody, habeas corpus, and Mary Edith Bevill's prayer that she be granted guardianship. However, the court granted her prayer to intervene. The petition of Arkansas Social Services to be appointed guardian with consent to adoption was denied as the court found the petitioner failed to meet its burden by clear and convincing evidence.

The appellant first contends that the probate court erred in disregarding the best interests of the children. Upon hearing all the testimony, the court stated:

> There's been some allusions to the fact that — or arguments to the effect that the court in making a decision ought to consider the best interests of the child and that is as opposed to being with the natural parents as opposed to being in an adoptive home. That's a laudable purpose, but that's really not the issue in this case, the best interests of the children, but it always has to be in the back of the court's mind.

We feel the court properly followed the statutory framework set forth in Ark. Stat. Ann. § 56-128 (Supp. 1981), which provides "that before entering a guardianship order the court shall find from the evidence that . . . . the surviving parent . . . . is unfit to have the child for any of the following reasons . . . . " It appears that the legislature intended that the

court first make the determination that the parent is fit or unfit. If found unfit, then the court addresses the issue of the best interests of the child.

Appellant next contends that the court erred in permitting the intervention of Mary Bevill and considering her testimony which was not relevant or material to the petition before it. We cannot agree. It is true that Mrs. Bevill, the paternal grandmother, had no court ordered visitation rights nor was she acting in *loco parentis*. However, she had previously assisted her son in caring for the children in her home for about a year and a half based on a custody award of the juvenile court. She was planning to help him in the future should Michael gain custody of the two children. It appears she has demonstrated a sufficient interest in the children to entitle her to intervene and testify. Suffice it to say that appellant has not demonstrated any prejudice by the intervention which was limited to the testimony of Mrs. Bevill.

Appellant finally asserts that the court erred in finding that the Social Services' proof falls short of establishing by clear and convincing evidence that appellee Michael Bevill is an unfit parent. We must agree. Appellant urges three grounds for the termination of his parental rights: § 56-128 (D), abandonment; § 56-128 (F) 3, neglect; and § 56-128 (H), lack of regular visits with the children or contact with the physical or legal custodian of the children.

The evidence shows that Michael Bevill, prior to the guardianship proceeding, made no efforts to gain custody of the children who had been in the Social Services' custody since 1978 or approximately three years; that twice since 1978 he voluntarily committed himself to a mental institution for approximately six weeks total; for over two years after the children were placed in foster care, he never inquired of the Social Services' worker about seeing the children nor called about their welfare, sent them Christmas cards or presents; he did not provide a social worker with an address, which was requested, so he could benefit from their rehabilitation efforts; he told the social worker to contact him through his mother, who testified she didn't tell Social Services where he was because she didn't know; he has lived

alone and provided no monetary support for these two children for over three years, although he had been employed at different times in Arkansas, Missouri and Texas and earning over $200 a week during part of this time; he was unemployed for approximately a third of the time since 1977; he has three children by a former marriage, which resulted in divorce, and these children live with his parents because he couldn't take care of them; he has been arrested for public drunkenness six or seven times in the past ten years; the only support he ever provided his other three children was to occasionally send his parents $25 or $30 a week; he presently has no job and has never had any savings; and if he regains care and custody of these two children, he would leave them with his parents until he gets a job and buys a home. The guardian *ad litem* recommended that the Social Services' petition be granted.

Michael Bevill asserts he contacted Social Services about a month prior to this action concerning custody of his children. According to him the Social Services didn't contact him about providing support and he didn't know where the children were and was not allowed visits. However, he admitted he saw the children three or four times a year and that he had not provided any financial support since 1977, when he and his children's mother were divorced. As indicated, their mother died in 1978.

Even though someone else, such as the grandparents or the Social Services, as here, has custody of a child, that does not relieve the father of the obligation to support the child; he must furnish support and this duty is a personal one which cannot be excused on the basis of the conduct of someone else unless that conduct prevents him from performing his parental duty; and this duty to support is paramount even though not ordered to do so by the court. *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). Here, we think the evidence is clear and convincing that the appellee Michael Bevill has demonstrated such an irresponsible attitude toward his children without any justifiable cause that appellant's petition for guardianship with the right to consent to adoption should be granted.

Reversed and remanded.