Mary Beth Moore BURDETTE *v.* Richard L. DIETZ,
Administrator, Adoption Services, Arkansas Social Services

CA 85-483                                711 S.W.2d 178

Court of Appeals of Arkansas
Division II
Opinion delivered June 11, 1986

*Mark Hewett*, Guardian Ad Litem; *Naif Samuel Khoury*,

for appellant.

*Marlene S. Moore*, for appellee.

TOM GLAZE, Judge. Appellant, Mary Beth Moore Burdette, the natural mother of Robert Eugene Burdette, age nine, brings this appeal from a judgment of the Sebastian Probate Court, appointing the appellee guardian of the person and estate of the child, with authority to consent to adoption.

The minor child has been in the care and custody of Family and Children's Services, Arkansas Social Services, since June 29, 1984. Appellee, Richard L. Dietz, Administrator of Adoption Services for Arkansas Social Services, filed a petition pursuant to Ark. Stat. Ann. Section 56-128 (Supp. 1985), seeking appointment as guardian of the person and of the estate of the minor child, with authority to consent to adoption.

Appellant appeared in person and by counsel and opposed the granting of the petition. The minor child appeared in person and by a guardian *ad litem*. Notice to the natural father, whose address was unknown, was duly published and a copy of the notice was mailed to the father at his last known mailing address.

For reversal, appellant first contends that the evidence does not support the order appointing appellee guardian with power to consent to adoption. The rule is well established that, in a proceeding to appoint a guardian with power to consent to adoption, evidence justifying the appointment must be clear and convincing. *See Dietz* v. *Bevill*, 276 Ark. 500, 637 S.W.2d 555 (1982). The trial court found that the evidence was clear and convincing that both parents were unfit, within the meaning of Ark. Stat. Ann. Section 56-128 (Supp. 1985), and that it was in the best interest of the child that the parental rights of the natural parents be terminated, and that a guardian be appointed with power to consent to adoption.

The evidence included the following: During a period of about five years, appellant lived in ten different locations with at least five different male roommates; that the child was not provided with appropriate hygiene care and cleanliness; that on at least one occasion, the child had scabies; that he was sent to school unbathed; that at times his entire body was as dirty as the feet of a person who had been walking outside all day barefoot; that he

appeared to be malnourished; that he had been mauled on one occasion by one or more of the numerous dogs kept in the home; that the home was not clean; that dog urine and feces were found on the floor of the home; that the child was permitted to sleep on a heavily soiled and stained mattress on the floor of the living area; that during the last year the child was with appellant he was absent from school 22½ days and was significantly tardy an additional 104 days; that the Arkansas Department of Human Services provided assistance and counseling to the natural mother for a period of six months, and there was little or no improvement with regard to the care and well-being of the child. The evidence contained professional evaluations raising serious concerns over the emotional health of the child.

While we agree that the rights of natural parents are not to be passed over lightly, these rights must give way to the best interest of the child when the natural parents seriously fail to provide reasonable care for their minor children. Parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *See Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). While the court on appeal reviews probate proceedings *de novo* on the record, the findings of the trial court will not be disturbed unless clearly erroneous, and we give due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Loveless* v. *May*, 278 Ark. 127, 644 S.W.2d 261 (1983). We cannot say the findings of the trial court were clearly erroneous. ARCP Rule 52(a).

Appellant argues that the natural father was not given notice of the proceedings and that the court lacked jurisdiction. We need not discuss this issue in detail for the following reasons: first, appellant has no standing to raise the issue of lack of proper service upon the natural father. 72 C.J.S. *Process* Section 106 (1951); *see also Cobb* v. *Indian Springs, Inc.*, 258 Ark. 9, 522 S.W.2d 383 (1975). Second, even if appellant had such standing, she failed at trial to raise issues as to sufficiency of process and jurisdiction in the manner required by ARCP Rule 12(b), (h)(1) (Repl. 1979). Finally, while appellant argues no notice was given to the father in the proceedings, the supplemental record reflects constructive notice to the father pursuant to Ark. Stat. Ann. Section 62-2012(4) (Repl. 1971) by publication in the *Southwest*

*Times Record* daily newspaper. That notice, as previously mentioned, was not attacked by the appellant below, and she is not permitted to do so for the first time on appeal. *See Pender, supra.*

Affirmed.

COOPER, J., and WRIGHT, Special Judge, agree.