
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-486

|  |  |
|---|---|
| GREGORY ALLEN KIDD<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILDREN<br><br>APPELLEES | **Opinion Delivered:** September 28, 2016<br><br>APPEAL FROM THE HEMPSTED<br>COUNTY CIRCUIT COURT<br>[NOS. 29JV-15-130, 29JV-15-131,<br>29JV-15-132, 29JV-15-133,<br>29JV-15-134]<br><br>HONORABLE RANDY WRIGHT,<br>JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's March 29, 2016 adjudication order in which it adjudicated Z.S., born 9/12/2004; J.C., born 9/27/2005; A.C., born 1/2/2008; J.S., born 8/12/2009; and C.S., born 12/10/2011, as dependent-neglected and specifically found that C.S. had been sexually abused by appellant. On appeal, appellant argues that the circuit court (1) erred in exercising jurisdiction in the case absent joinder of all indispensable parties and (2) acted in a manner inconsistent with his due process rights, thereby rendering its judgments and orders void. We affirmed.

Appellant's argument is that the noncustodial parents to the juveniles were not given notice of the proceedings, therefore, the circuit court lacked jurisdiction.[1] Constitutional

---

[1] While appellant references all defendants in his "Statement of the Nature of the Case[,]" he does not discuss his own rights at all in his "Legal Analysis"; he only discusses the rights of three of the other defendants, specifically, Candy Collier, the children's mother;

SLIP OPINION

rights, including the guarantee of due process, are personal rights and may not be asserted by a third party.[2] In *Burdette v. Dietz*, where the appellant made the same argument as to the natural father, this court stated the following:

> We need not discuss this issue in detail for the following reasons: first, appellant has no standing to raise the issue of lack of proper service upon the natural father. Second, even if appellant had such standing, she failed at trial to raise issues as to sufficiency of process and jurisdiction in the manner required by ARCP Rule 12(b), (h)(1).[3]

Likewise, appellant has no standing to raise the issue of lack of proper service on the noncustodial parents.

Because appellant makes no argument regarding his own notice, instead focusing his efforts on making an argument for other parties who have chosen not to make said argument for themselves, he has made an argument that he does not have proper standing to make.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Stayton & Associates*, by: *Rowe Stayton*, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.

---

Terrance Scott, legal father of Z.S., J.C., and A.C.; and Matthew Collier, legal father of J.S. and C.S.

[2] *Cox v. Stayton*, 273 Ark. 298, 302, 619 S.W.2d 617, 619 (1981) (citing *Broadrick v. Oklahoma*, 413 U.S. 601 (1973); *Barrows v. Jackson*, 346 U.S. 249 (1953)).

[3] 18 Ark. App. 107, 109, 711 S.W.2d 178, 180 (1986) (internal citations omitted).