Terrance G. HOPSON *v.* STATE of Arkansas

CR 96-961                                     940 S.W.2d 479

Supreme Court of Arkansas
Opinion delivered March 24, 1997

*J. Slocum Pickell,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Terrance G. Hopson, was convicted of two counts of aggravated robbery and sentenced to sixty years' imprisonment. On appeal, Hopson asserts that the trial court committed reversible error when it rejected his proffered jury instruction on eyewitness identification. Finding no error, we affirm.

On July 12, 1995, Jack Talbot and Chris Penny were robbed at gunpoint while playing golf in Pine Bluff. Approximately five weeks later, the police presented the victims with a photographic line-up of several suspects. Jack Talbot was unable to make an identification. Chris Penny, however, identified Terrance G. Hopson as the assailant.

At trial, Penny testified that during the robbery he was able to view the assailant for approximately five to ten seconds from a distance of roughly three to four feet. Penny further testified that he recognized Hopson in the photographic line-up due to an unusual discoloration under his right eye. Hopson was allowed to fully cross-examine Penny on his ability to observe Hopson and make a proper identification.

During a conference in chambers, Hopson proffered the following jury instruction:

> ONE OF THE MOST IMPORTANT ISSUES IN THIS CASE IS THE IDENTIFICATION OF DEFENDANT, TERRANCE HOPSON, AS THE PERSON WHO COMMITTED THE CRIME CHARGED IN THE INDICTMENT. THE STATE, AS YOU KNOW, HAS THE BURDEN OF PROVING EVERY ISSUE, INCLUDING IDENTITY, BEYOND A REASONABLE DOUBT. YOU ARE REQUIRED TO RESOLVE ANY CONFLICT OR UNCERTAINTY ON THAT ISSUE.

> IN MAKING THAT DETERMINATION, YOU MAY CONSIDER THE OPPORTUNITY THAT THE WITNESSES HAD TO SEE THE PERSON WHO COMMITTED THE CRIME AT THE TIME IT WAS COMMITTED. YOU MAY ALSO CONSIDER THE LENGTH OF TIME THAT

ELAPSED BETWEEN THE OBSERVATION AND THE LATER IDENTIFICATION. YOU MAY ALSO CONSIDER ALL OF THE CIRCUMSTANCES SURROUNDING ANY SUBSEQUENT IDENTIFICATION.

THE BURDEN OF PROOF IS ON THE PROSECUTION WITH REFERENCE TO EVERY ELEMENT OF THE CRIME CHARGED AND THIS BURDEN INCLUDES THE BURDEN OF PROVING, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT, TERRANCE HOPSON, WAS, IN FACT, THE PERSON WHO COMMITTED THE CRIME CHARGED.

Hopson conceded that this proffered instruction was not included in the Arkansas Model Jury Instructions; however, he argued that it should be read to the jury because otherwise it would not be instructed on the proper way to evaluate an eyewitness's identification of the defendant. The trial court disagreed and ruled that the standard instructions were adequate.

Accordingly, the trial judge gave the standard Arkansas Model Jury Instructions, including but not limited to, the following instructions: AMCI 2d 104 Credibility of the Witnesses; AMCI 2d 107 Burden of Proof; AMCI 2d 109 Presumption of Innocence; and AMCI 2d 110 Reasonable Doubt. Additionally, Hopson was allowed to highlight during his closing argument the factors that could have caused Penny's identification to be inaccurate.

After deliberation, the jury found Hopson guilty of two counts of aggravated robbery and sentenced him to sixty years' imprisonment. Hopson filed a timely notice of appeal from his judgment and commitment order.

For his sole argument on appeal, Hopson contends that the trial court committed reversible error when it refused to read to the jury his proffered instruction on eyewitness identification. In support of his contention, Hopson relies on *United States v. Telfaire*, 469 F.2d 552 (D.C. Cir. 1972), where the Circuit Court of Appeals for the District of Columbia held that in cases where a witness's identification is a major issue, the trial court should give a special instruction which emphasizes to the jury the need for a

finding that the circumstances of the identification are convincing beyond a reasonable doubt. The *Telfaire* rule has subsequently been adopted and utilized under limited circumstances by the Eighth Circuit Court of Appeals. *See United States v. Mays*, 822 F.2d 793 (8th Cir. 1987); *United States v. Greene*, 591 F.2d 471 (8th Cir. 1979).

However, in *Conley v. State*, 270 Ark. 886, 607 S.W.2d 328 (1980), this court specifically refused to adopt the *Telfaire* rule for two important reasons. First, this court found that the *Telfaire* instruction commented on the evidence, which is permissible under the federal rules but specifically prohibited by Article 7, section 23, of the Arkansas Constitution. *Id.* Second, this court found that the content of the proffered instruction had been adequately covered by the arguments of counsel and the standard AMCI instructions on reasonable doubt and credibility of the witnesses. *Id. See also Pitcock v. State*, 279 Ark. 174, 649 S.W.2d 393 (1983); *Conley v. State*, 272 Ark. 33, 612 S.W.2d 722 (1981).

Therefore, on appeal, Hopson is in effect asking this court to reverse our prior holding in *Conley, supra.* As we have repeatedly explained, under Arkansas law there is a strong presumption of the validity of a prior decision unless great injury or injustice would result. *Sanders v. County of Sebastian*, 324 Ark. 433, 922 S.W.2d 334 (1996); *Independence Fed. Bank v. Webber*, 302 Ark. 324, 789 S.W.2d 725 (1990). Moreover, the United States Supreme Court has recognized that the adherence to precedent promotes stability, predictability, and respect for judicial authority. *Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197 (1991).

Hopson has not overcome the strong presumption of the validity of our prior decision in *Conley, supra.* Because Hopson was able to argue to the jury the possible unreliability of the witness's identification, and the jury was given the AMCI instructions on credibility of the witnesses and reasonable doubt, the trial court did not err when it rejected Hopson's proffered jury instruction on eyewitness identification.

Affirmed.

BROWN, J., not participating.

Special Justice JOHN CLAYTON RANDOLPH joins in this opinion.