Mary Ann DANIELS *v.* STATE of Arkansas

98-43 970 S.W.2d 278

Supreme Court of Arkansas
Opinion delivered June 18, 1998

*William R. Simpson, Jr.*, Public Defender, by: *Russell Byrne*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The sole issue in this appeal is whether the probate court lacked jurisdiction in this matter due to the fact that appellant Mary Ann Daniels was not provided a timely evaluation and psychiatric report by the Director of the Department of Health and Human Services (DHS) and a subsequent hearing before the probate court pursuant to Ark. Code Ann. § 5-2-314(d) (Repl. 1997). We hold that the probate court did have jurisdiction, and we affirm.

On May 29, 1997, the circuit court entered both a Judgment of Acquittal by Reason of Mental Disease or Defect and an Order of Commitment with respect to Daniels, who had been charged with residential burglary and theft of property. The court found that Daniels was affected, and remained affected, by mental disease or defect; that the crime did not involve bodily injury to another person, serious damage to property, or the substantial risk of such injury or damage; and that she should be automatically committed to the custody of the Director of the Arkansas State Hospital. The circuit court ordered the Director to file a psychiatric report, known as an Act 911 report, with the probate court within thirty days as required by Ark. Code Ann. § 5-2-314(d), with a hearing to be held within ten days with the assistance of appointed counsel, if necessary.

Despite the circuit court's order, Daniels remained in the county jail for approximately six months. On October 16, 1997, the circuit court entered a second judgment of acquittal by reason

of mental disease or defect. On November 10, 1997, Dr. Wendell Hall, Forensic Medical Director at the State Hospital, filed his Act 911 report, and a hearing on the matter was held on November 19, 1997. Daniels was represented by the county public defender. At the hearing, Dr. Hall testified that the State Hospital, which is part of the Division of Mental Health Services of DHS, was first informed of Daniels's judgment of acquittal on October 15, 1997, and that she was admitted to the State Hospital the following day. According to Dr. Hall, Daniels's primary diagnosis was schizoaffective disorder, but he testified that she also suffered from cocaine dependency as well as cannabis and alcohol abuse. His ultimate recommendation was that she continue to undergo treatment in the State Hospital because she was disorganized, psychotic, and hostile.

The probate court rejected Daniels's contention that it lacked jurisdiction due to the untimeliness of the Act 911 report filed by Dr. Hall and entered an order on November 19, 1997, that committed her to the custody of DHS for further treatment. On December 3, 1997, the probate court declared Daniels indigent for purposes of her appeal.

Daniels contends on appeal that the six-month delay caused the probate court to lose jurisdiction. The relevant portion of the Arkansas Criminal Code provides:

> The Director of the Department of Human Services shall file the psychiatric or psychological report with a probate court having venue within thirty (30) days following entry of order of acquittal. A hearing shall be conducted by the probate court and shall take place not later than ten (10) days following the filing of the report with the probate court.

Ark. Code Ann. § 5-2-314(d) (Repl. 1997).

In *Hattison v. State*, 324 Ark. 317, 920 S.W.2d 849 (1996), this court rejected the same argument mounted by Daniels that the probate court loses jurisdiction based on the untimely filing of the Act 911 report. In *Hattison*, judgments of acquittal based on mental defect were entered on March 3 and March 7, 1995. The Act 911 report was filed on April 7, 1995, which was outside the thirty-day period required by § 5-2-314(d), and the

appellant petitioned the probate court for release, which was denied. On appeal, this court affirmed and rejected the appellant's argument that the failure to file a timely Act 911 report deprived the probate court of jurisdiction. We acknowledged that § 5-2-314(d) speaks in mandatory terms but determined that loss of jurisdiction would not follow because the General Assembly did not provide a sanction for an untimely filing and because there was no evidence that such a result was intended. This court ultimately determined that probate-court jurisdiction was established by the order of commitment entered by the circuit court, and held:

> While a commitment cannot be "indefinite," *Schock v. Thomas*, 274 Ark. 493, 625 S.W.2d 521 (1981), citing *Jackson v. Indiana*, 406 U.S. 715 (1972), we know of no reason to deprive the Probate Court of jurisdiction due to a late psychiatric report. Had that been the intention of the General Assembly, it could easily have so provided.

*Hattison*, 324 Ark. at 319, 920 S.W.2d at 850.

■ Daniels argues that *Hattison* should be overruled and that we should hold that the probate court lost jurisdiction because (1) the Act 911 report in her case was filed much later, which resulted in a lengthy incarceration; (2) she suffered a mental defect that prevented her from seeking relief on her own behalf; and (3) she was no longer represented by the public defender, who was relieved of representation upon acquittal, and she was only again assigned counsel once the Act 911 report was filed under Ark. Code Ann. § 5-2-314(f) (Repl. 1997). Daniels, however, cites no authority for her argument that we should overrule the *Hattison* case even though this court recognizes a strong presumption in favor of the validity of its prior decisions. *See Hopson v. State*, 327 Ark. 749, 940 S.W.2d 479 (1997); *Sanders v. County of Sebastian*, 324 Ark. 433, 922 S.W.2d 334 (1996). Moreover, the General Assembly is presumed to be aware of this court's decisions. *See Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997); *Scarbrough v. Cherokee Enterprises*, 306 Ark. 641, 816 S.W.2d 876 (1991). As the State points out, § 5-2-314(d) has remained unchanged by the General Assembly in the wake of the *Hattison* decision. We, therefore, affirm the probate court's decision.

Our affirmance today in no way countenances what we perceive to be an unconscionable delay in committing Daniels to the State Hospital for an Act 911 Report. This is clearly a case where the system abysmally failed her, and, as a result, a mentally diseased person was left incarcerated in the county jail for six months. How this could happen is beyond us, and we are certain that the blame must fall on several shoulders. The result, however, evidences a profound administrative breakdown. We urge that immediate corrective steps be taken by the various parties involved in the Act 911 process, including the sheriff's department, the circuit court, the probate court, and the public defender's office, to assure that such a breakdown does not occur again.

Affirmed.