Mary Douglas ANDERSON *v.* Tiffany DOUGLAS and
Arkansas Department of Human Services

92-401                                        839 S.W.2d 196

Supreme Court of Arkansas
Opinion delivered October 19, 1992

*Johnson, Sanders and Morgan*, by: *Roger L. Morgan*, for appellant.

*Christopher Carter*, for appellee Tiffany Douglas.

*John C. Wisner, III*, Department of Human Services, for appellee.

ROBERT L. BROWN, Justice. The appellant, Mary Douglas Anderson, is twenty years of age and the mother of a three-year-old daughter, appellee Tiffany Douglas. She appeals a chancery court order terminating her parental rights in her daughter and urges that the court's findings were clearly erroneous. She also asserts that the operative statute, Ark. Code Ann. § 9-27-341 (1987), is vague on its face and violative of due process. Her arguments are without merit, and we affirm.

On May 14, 1990, ten-month-old Tiffany Douglas Anderson, was admitted to Baxter County Regional Hospital with severe bruises on her face and legs. The injuries apparently occurred while Tiffany was in the custody of her stepfather, John Bradley Anderson. Bradley Anderson subsequently pled guilty to physical abuse in September 1990 and was sentenced to prison. At the time, the appellant was in Baxter County Hospital due to

complications with her pregnancy.

The appellee Arkansas Department of Human Services filed a petition in chancery court on May 15, 1990, for emergency custody of Tiffany. The petition stated that Tiffany was a dependant and neglected juvenile. An emergency custody order finding her dependent and neglected was subsequently entered that same month, and DHS gained temporary custody of Tiffany. She was then placed in foster care.

A hearing was held on June 12, 1990, which resulted in an adjudication consent order which, among other things, ordered Tiffany to continue in foster care for six months, after which time the court would review the case. DHS then prepared a case plan which outlined the following objectives Anderson needed to achieve to regain custody of her daughter: (1) become financially independent; (2) improve her emotional well-being and parenting skills; (3) obtain adequate housing; (4) have supervised weekly visitation with Tiffany at the DHS offices; and (5) eliminate contact between the stepfather and Tiffany. On September 18, 1990, the appellant read and signed the case plan. Two days later, Shirley Spitzer, a case worker for DHS, submitted a report stating that Tiffany had been placed in foster care and that the consent order had been complied with.

The chancery court reviewed the matter on October 30, 1990, and found that Anderson was complying with the case plan but that Tiffany's return to the appellant was not in her best interests. A case report submitted four months later was substantially different. On February 19, 1991, Shirley Spitzer reported that the appellant had not complied with the case plan, and she outlined Anderson's lack of progress since October 30, 1990. The appellant had discontinued counseling and parenting classes, was unemployed and living in Missouri, and had only seen Tiffany twice in the preceding two months. Spitzer recommended that Tiffany remain in the custody of DHS and that appellant continue counseling.

The following month, on March 25, 1991, the chancery court reviewed the case again and found that Anderson had not complied with the case plan; that efforts to rehabilitate and reunify the family had not been successful; that Anderson had discontinued counseling and parenting classes and had failed to

visit Tiffany regularly; and that return of Tiffany to the appellant was not in Tiffany's best interests. The court ordered Tiffany to remain with DHS and in foster care until June 3, 1991.

On May 31, 1991, DHS filed a petition to terminate Anderson's parental rights. Anderson first agreed to the termination but later reneged prior to trial. The matter was tried on September 23, 1991, and the chancery court terminated Anderson's parental rights in Tiffany, finding that there was clear and convincing evidence that the allegations in DHS's petition were correct. It did so on the basis that Tiffany had not lived with Anderson for a year, that Anderson had not remedied her home environment, and that Anderson had willfully failed to provide significant material support or have meaningful contact with Tiffany. DHS was given the power to consent to an adoption.

On appeal, Anderson contends that the chancery court clearly erred in its findings and conclusions. She points to the' statute which provides that an order terminating parental rights must be based on a finding of clear and convincing evidence on one of several grounds, including:

(1) That a juvenile has been adjudicated by the court to be dependent-neglected and has continued out of the home for one (1) year and despite a meaningful effort by the Department of Human Services to rehabilitate the home and correct the conditions which caused removal, those conditions have not been remedied by the parent.

(2) The juvenile has lived outside the home of the parent for a period of one (1) year and the parent has willfully failed to provide significant material support in accordance with the parent's means or to maintain meaningful contact with the juvenile. To find willful failure to maintain meaningful contact, it must be shown that the parent was not prevented from visiting or having contact with the juvenile by the juvenile's custodian or any other person, taking into consideration the distance of the juvenile's placement from the parent's home. Material support consists of either financial contributions or food, shelter, clothing, or other necessities where such contribution has been requested by the juvenile's custodian or ordered by a court of competent jurisdiction.

Ark. Code Ann. § 9-27-341 (b)(1) & (2) (Repl. 1991). The chancery court held that Anderson had violated both subsections of the statute.

■ The appellant is correct in asserting that when the burden of proving a disputed fact in chancery is by clear and convincing evidence, the question that we must answer on appeal is whether the chancery court's finding that the disputed fact was proven by clear and convincing evidence is clearly erroneous. *See Beeson* v. *Arkansas Dept. of Human Services*, 37 Ark. App. 12, 823 S.W.2d 912 (1992); Ark. R. Civ. P. 52(a). Clear and convincing evidence is that degree of proof which will produce in the factfinder a firm conviction as to the allegation sought to be established. *Cobbins* v. *State*, 306 Ark. 447, 816 S.W.2d 161 (1991). In resolving the clearly erroneous question, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Ark. R. Civ. P. 52(a); *see also Union Nat'l Bank* v. *Barnhart*, 308 Ark. 190, 823 S.W.2d 878 (1992).

■ When the issue is one of terminating parental rights, we have referred to the "heavy burden" upon the party seeking to terminate the relationship. *Bush* v. *Dietz*, 284 Ark. 191, 680 S.W.2d 704 (1984); *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W.2d 176 (1979). We elaborated on the reason for this in *Bush* v. *Dietz*:

> Adoption proceedings are in derogation of the natural rights of parents, and statutes permitting such are to be construed in a light favoring continuation of the rights of natural parents.

284 Ark. at 195, 680 S.W.2d at 706; *citing Harper* v. *Caskin, supra.*

We turn to the statute, previously quoted, which outlines the critical factors in termination cases. Section 9-27-341 provides that termination results *either* 1) from a dependent-neglected child who has lived outside the home for a year and, despite the efforts of DHS to rehabilitate the home, the parent has not remedied it; or 2) from a dependent-neglected child who has lived outside the home for a year and where the parent has failed to provide significant material support for, or meaningful contact with, the child.

Here, DHS argues that it prepared a case plan which

Anderson read and expressed no reservations about. She signed the plan in September 1990, but she failed to comply with it. Her visits with Tiffany were sporadic. In fact, for four months between November 1990 and March 1991, while she was living in Missouri, she did not visit Tiffany at all. Her visits briefly resumed but then, after May 21, 1991, they ceased altogether. The appellant's response at trial was that she had no driver's license and no transportation. DHS, however, rejoined that it had offered arrangements for meeting Tiffany at its offices. DHS further showed the court that Anderson was able to arrange transportation to visit Bradley Anderson five or six times at Tucker Penitentiary some five hours away, and that during part of this time, she was living with a man who had a truck.

The appellees also submitted evidence that the appellant was unable to keep a job for more than a brief period of time, that she had stopped counseling costing $5.00 a week, that she had failed to obtain her GED, and that she had failed to establish a permanent residence. In fact, she had moved eight or nine times within a relatively short period of time, after moving to Missouri. Of additional importance, according to DHS, was the fact that she did not attend a DHS staff meeting on June 25, 1991, though she knew the subject of the meeting was the petition to terminate her parental rights.

The appellant countered at trial that the case plan was mere boiler plate and that her economic circumstances had forced her to move and seek better employment and that she simply could not afford counseling or support for Tiffany. She offered essentially her age, immaturity, financial circumstances, and inexperience as excuses for her treatment of Tiffany.

■ Our case law is clear that termination of parental rights is an extreme remedy and, as noted in *Bush* v. *Dietz, supra*, in derogation of the natural rights of the parents. Yet when the circumstances reveal a studied indifference to the child, termination must result. In this case the proof showed exactly that. We further emphasize the chancery court's ability to assess the credibility of the witnesses at trial. That is essential in cases like this and undoubtedly played a part in the chancery court's decision. We hold that the findings of fact of the chancery court were not clearly erroneous and that the decision to terminate the

appellant's parental rights is supported by clear and convincing evidence.

█ For her second point, Anderson contends that § 9-27-341 is vague and that her due process rights have been violated. We cannot find where the appellant raised this issue before the chancery court. Failure to raise the constitutional challenge below is fatal to our consideration at this level. We have held that even constitutional issues will not be considered when raised for the first time on appeal. *Ussery* v. *State*, 308 Ark. 67, 822 S.W.2d 848 (1992). We will, therefore, not consider the vagueness argument.

Affirmed.