## Larica WADE *v.* ARKANSAS DEPARTMENT OF HUMAN SERVICES

98-538                                                        990 S.W.2d 509

Supreme Court of Arkansas
Opinion delivered April 29, 1999

354

*Ben Seay*, for appellant.

*Tami Harlan*, Office of Chief Counsel, Arkansas Department of Human Services, for appellee.

W H. "DUB" ARNOLD, Chief Justice. Larica Wade, appellant, is the natural mother of three children. In January of 1995, the Arkansas Department of Human Services (ADHS) filed a petition to have her three children adjudicated dependent-neglected children under Arkansas law. At the hearing held on the petition, appellant's three children were removed from her. The children have remained outside her care since that date.

On August 26, 1997, ADHS filed a petition for termination of appellant's parental rights. On September 22, 1997, a hearing

was held on the petition. The court granted the petition on that same date. On January 20, 1998, approximately four months after the hearing was held, an order was entered terminating appellant's parental rights, which stated, in closing, "[i]t is so ordered effective September, 1997, on this 13th day of January, 1998." It is from this order that appellant now appeals.

Subsequent to appellant filing her abstract and brief, appellee filed a motion to supplement the record in the appellate court to include documents and statements presented to the trial court in the dependency-neglect case concerning appellant and her three children. Appellant contends, in addition to her other arguments on appeal, that this Court should not consider any part of the record from any hearings held in the dependency-neglect case.

Appellant asserts three points on appeal:

(1) The trial court's decision that the Arkansas Department of Human Services proved its grounds to terminate appellant's parental rights was clearly erroneous;

(2) The order terminating parental rights should be vacated because it was entered and filed by the court after thirty (30) days from the date of the termination hearing;

(3) The appellate court should not consider any part of the record from any hearings held in the dependency-neglect case.

We disagree with appellant and affirm the trial court for the following reasons.

*I.   Whether the trials court's decision that the Arkansas Department of Human Services proved its grounds to terminate appellant's parental rights was clearly erroneous.*

■ It is well settled that chancery cases are reviewed *de novo* on the record, but we do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Slaton v. Slaton*, 336 Ark. 211, 983 S.W.2d 951 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*; *AD-Razorback Ltd. Partnership v. B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986).

■ Our case law has established that termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Crawford v. Dep't. of Human Services*, 330 Ark. 152, 951 S.W.2d 310 (1997); *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). Parental rights, however, will not be enforced to the detriment or destruction of the health and well being of the child. *Burdette v. Dietz*, 18 Ark. App. 107, 711 S.W.2d 178 (1986).

■ The facts warranting termination of parental rights must be proved by clear and convincing evidence. In reviewing the trial court's evaluation of the evidence, this Court will not reverse unless the court's finding of clear and convincing evidence is clearly erroneous. Ark. R. Civ. P. 52(a); *Crawford v. Dep't. of Human Services*, 330 Ark. 152, 951 S.W.2d 310 (1997); *Anderson v. Douglas*, 310 Ark. 633, 637, 839 S.W.2d 196, 198 (1992). Clear and convincing evidence is that degree of proof which will produce in the factfinder a firm conviction regarding the allegation sought to be established. *Id.*; *see also Cobbins v. State*, 306 Ark. 447, 816 S.W.2d 161 (1991). Furthermore, this Court will defer to the trial court's evaluation of the credibility of the witnesses. Ark. R. Civ. P. 52(a); *Crawford v. Dep't. of Human Services, supra.*

Appellant asserts that because appellee's petition for termination of parental rights only asserted the ground of failure to rehabilitate the home as its ground for termination of parental rights and the record was insufficient with evidence of that ground, that the trial court's granting of the petition on a *different* ground — failure to maintain contact and provide support — amounts to clear error on the trial court's part. We disagree.

Appellant's argument fails for two reasons. First, the trial court actually granted the petition on *both* grounds, and the record was replete with evidence in support of both grounds. The record reflects that ADHS became involved with appellant's family in June of 1994. At that time, it was discovered that Michael Wade, then six years old, had numerous switch marks on his back and in some places the skin had been broken. These marks were among other, older scars. SCAN, then a contractor for ADHS, began offering services to the family. The children and appellant then

resided with Allie Wade, the eighty-nine-year-old mother of appellant.

In October of 1994, ADHS again substantiated a neglect case involving three-year-old Matthew Wade. He was found four blocks from his home in the cold wearing no shoes. His caretakers, the appellant and her mother, were unaware that he was missing. The record is clear that from the moment ADHS and SCAN became involved in the life of appellant, services were offered, appointments were made, and staffings were set, yet appellant failed to participate.

■ A petition to have appellant's children adjudicated dependent-neglected children under Arkansas law, which resulted in the removal of the children from appellant's care, was an attempt to force the appellant to become involved in the lives of her children. From the time these children were placed in foster care, in March of 1995, until the time appellant's parental rights were terminated, in January of 1998, it is clear from the record that reasonable, meaningful efforts were made by the appellee to attempt to rehabilitate appellant's home; appellee continually offered services to the appellant to encourage and enable her to become a mother to her children, yet she failed to participate. Appellant rarely visited them and offered virtually no support. Verbally, appellant expressed a desire to have her children with her; however, according to testimony offered before the trial court, her actions (or lack thereof) spoke louder than her words. Again, this Court will defer to the trial court's evaluation of the credibility of the witnesses. Ark. R. Civ. P. 52(a); *Crawford v. Dep't. of Human Services, supra.*

Second, the relevant statute, Ark. Code Ann. § 9-27-341 (Supp. 1995), provides in part:

> (b) . . . An order forever terminating parental rights shall be based upon a finding by clear and convincing evidence:
>
> (1) That it is in the best interest of the juvenile;
>
> (2) *Of one or more of the following grounds*:
>
>> (A) That a juvenile has been adjudicated by the court to be dependent-neglected and has continued out of the

home for twelve (12) months, and, despite a meaningful effort by the Department of Human Services to rehabilitate the home and correct the conditions which caused removal, those conditions have not been remedied by the parent. . . .

(B) The juvenile has lived outside the home of the parent for a period of twelve (12) months, and the parent has willfully failed to provide significant material support in accordance with the parent's means or to maintain meaningful contact with the juvenile. To find willful failure to maintain meaningful contact, it must be shown that the parent was not prevented from visiting or having contact with the juvenile by the juvenile's custodian or any other person, taking into consideration the distance of the juvenile's placement from the parent's home. Material support consists of either financial contributions or food, shelter, clothing, or other necessities where such contribution has been requested by the juvenile's custodian or ordered by a court of competent jurisdiction.

Ark. Code Ann. § 9-27-341(b)(2) (Supp. 1995) (emphasis added).

■ Therefore, while appellee may have only alleged grounds under § 9-27-341(b)(2)(A), referring to the rehabilitation of the home, there is a second ground for termination of parental rights under § 9-27-341(b)(2)(B). Rights may be terminated if the juvenile has lived outside the home of the parent for twelve months and the parent has willfully failed to provide significant material support to his children as ordered by the chancery court and to have meaningful contact with them. *See Crawford v. Dep't. of Human Services, supra.*

■ The trial court found that the appellee had proven its case by clear and convincing evidence under *both* of the grounds acknowledged by the statute. Still, as the statute only requires that *one* of any of the enumerated grounds be proven, and the trial court found clear and convincing evidence of the one ground alleged by appellee, appellant was not prejudiced by the court's ruling on the second ground, as the outcome would have been the same if evidence of only one ground had been heard.

■ Therefore, because clear and convincing evidence existed to support the ground alleged by appellee in its original

petition, coupled with the fact that the controlling statute required proof of only one ground, we find no error on the part of the trial court.

## II. Whether the order terminating parental rights should be vacated because it was entered and filed by the court after thirty days from the date of the termination hearing.

On August 26, 1997, ADHS filed a petition for termination of appellant's parental rights. On September 22, 1997, a hearing was held on the petition. The court granted the petition on that same date. On January 20, 1998, approximately four months after the hearing was held, an order was entered terminating appellant's parental rights, which stated, in closing, "[i]t is so ordered effective September, 1997, on this 13th day of January, 1998."

Ark. Code Ann. § 9-27-341(d) states as follows:

> A written order shall be filed by the court or by a party or party's counsel as designated by the court within thirty (30) days of the date of the termination hearing or before the next hearing, whichever is sooner.

Appellant asserts that because the written order was not filed until four months after the termination hearing, the written order is null and void and should, therefore, be vacated. Appellant asserts that the January 20, 1998, filing date was untimely and that the trial court had, by that time, lost jurisdiction to enter the order after thirty days had passed from the date of the hearing. We disagree.

■ Although we acknowledge that Ark. Code Ann. § 9-27-341(d) speaks in mandatory terms, a loss of jurisdiction would not follow because the General Assembly did not provide a sanction for an untimely filing and because there is no evidence that such a result was intended. *See, e.g., Daniels v. State*, 333 Ark. 620, 970 S.W.2d 278 (1998); *Hattison v. State*, 324 Ark. 317, 920 S.W.2d 849 (1996); *Cook v. State*, 274 Ark. 244, 623 S.W.2d 820 (1981).

■ Further, the order entered by the trial court was simply a written judgment of what the court had announced in open

court or otherwise actually rendered. Therefore, appellant suffered no real prejudice, as the order was entered simply to show that which actually occurred. *See, e.g., Busby v. Busby,* 39 Ark. App. 108, 840 S.W.2d 195 (1992); *O'Dell v. O'Dell,* 247 Ark. 635, 447 S.W.2d 330 (1969).

Therefore, we find that the order terminating parental rights should not be vacated.

III. *Whether the appellate court should not consider any part of the record from any hearings held in the dependency-neglect case.*

Subsequent to appellant filing her abstract and brief, appellee filed a motion to supplement the record in the appellate court to include documents and statements presented to the trial court in the dependency-neglect case concerning appellant and her three children. Appellant contends, in addition to her other arguments on appeal, that this Court should not consider any part of the record from any hearings held in the dependency-neglect case.

First, this Court allowed the record to be supplemented by its order dated October 1, 1998, finding that the material sought by appellee to be supplemented was relevant to the instant appeal in that the proceedings and orders pertaining to the termination of parental rights were in fact a continuation of the original dependency-neglect case. Therefore, this issue has already been decided by this Court.

Further, we find that sufficient evidence existed to affirm the trial court even without the supplemental record. Therefore, finding no error on the part of the trial court and for all of the foregoing reasons, we hereby affirm the trial court's termination of appellant's parental rights.

Affirmed.