# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-12-992

| | | |
|---|---|---|
| KAYLA McPHERSON | | **Opinion Delivered** September 25, 2013 |
| | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. JV-2011-68] |
| V. | | |
| | | HONORABLE BARBARA ELMORE, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal from termination of appellant's parental rights to her three children. Appellant argues that the trial court erred in failing to give her more time to complete the case plan and in failing to enter the termination order within thirty days of the termination hearing as required by Ark. Code Ann. § 9-27-341(e) (Supp. 2011). We find no prejudicial error, and we affirm.

Although termination of parental rights is an extreme remedy and in derogation of the natural rights of parents, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Sowell v. Arkansas Department of Human Services,* 96 Ark. App. 325, 241 S.W.3d 767 (2006). Grounds for termination of parental rights must be proved by clear and convincing evidence. *Id.* When the burden of proving a disputed fact is by "clear and convincing evidence," the question on appeal is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly

erroneous, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Id.*

Pursuant to Ark. Code Ann. § 9-27-341(a)(3) (Supp. 2011), an order terminating parental rights must be based on a finding that termination would be in the best interest of the juvenile and a finding of at least one of several enumerated grounds, including a finding that the child has been adjudicated dependent-neglected and, despite meaningful efforts by ADHS to rehabilitate the home and rectify the conditions causing removal, the parent has failed to remedy those conditions. Here, the children were taken into emergency custody because they were in immediate danger of severe maltreatment, and they were adjudicated dependent-neglected in April 2011 for inadequate supervision. The goal was originally reunification, but by May 2013 termination of parental rights was sought because appellant had not rectified the problems of homelessness, unemployment, methamphetamine abuse, and failing to take her medications for bipolar disorder and schizophrenia.

It is undisputed that appellant failed to complete the case plan within one year. What is disputed is whether the trial court erred in failing to allow appellant more time to complete the case plan based on her testimony that she was making progress. It is well established that evidence that a parent begins to make improvement as termination becomes more imminent will not outweigh other evidence demonstrating a failure to comply and to remedy the situation that caused the children to be removed in the first place. *See, e.g., Camarillo-Cox v. Arkansas Department of Human Services*, 360 Ark. 340, 201 S.W.3d 391 (2005). Here, however, there was evidence appellant was not even progressing as termination became more

imminent. A DHS case worker testified that, although appellant improved for four months, she subsequently relapsed and was, after sixteen months, as unstable as she had been when the case originally began. Appellant testified to the contrary, stating that she had a signed agreement to lease a trailer, but that she had forgotten to bring it with her to the hearing. Appellant also testified that she had recently secured employment at "The Playground" setting up play equipment for children's parties and was earning $700 per month, but that she was paid in cash and could not remember her employer's last name. The trial court expressly found that appellant's testimony was not truthful.

The supreme court has repeatedly held that we will defer to the trial court's superior opportunity to determine credibility in cases such as this. *See Trout v. Arkansas Department of Human Services*, 359 Ark. 283, 197 S.W.3d 486 (2004). Here, given the evidence that appellant repeatedly missed scheduled visitation with her children throughout the case; that her failure to take her medications led to inpatient admission to a psychiatric hospital in April 2012; that she later routinely missed appointments for and failed to complete the ordered medication management for her mental-health issues; and that she failed even to complete court–ordered parenting classes, we cannot say that the trial court erred in terminating her parental rights.

With regard to the trial court's failure to enter the order of termination within thirty days of the hearing as required by Ark. Code Ann. § 9–27–341(e), appellant does not argue that she has been prejudiced or is entitled to any specific remedy; instead she merely uses the failure as an example to demonstrate that "these cases take time." The question of whether

the failure to enter the order in a timely fashion deprived the court of jurisdiction has already been decided. In a similar situation, the supreme court held that a trial court's failure to comply with statute requiring that written order be filed within thirty days of the termination hearing did not result in loss of trial court's jurisdiction or require vacation of its eventual written order for termination of parental rights entered four months after the hearing because there was no express sanction in the statute for untimely filing or any evidence that such a result was intended by legislature. *Wade v. Arkansas Department of Human Services*, 337 Ark. 353, 990 S.W.2d 509 (1999). Thus, we conclude that the trial court's failure to enter the termination order within thirty days of the hearing was not an error prejudicial to appellant.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*Charles D. Hancock*, for appellant.

*Tabitha Baertels McNulty*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.