

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-1025

| | |
|---|---|
| ABRAM HEFLIN<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILD<br><br>APPELLEES | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. 23JV-13-116]<br><br>HONORABLE DAVID M. CLARK,<br>JUDGE<br><br>AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Abram Heflin appeals from the termination of his parental rights to his four-year-old son, A.H.[1] Mr. Heflin's counsel has filed a no-merit brief and motion to withdraw, stating that this appeal is without merit and that she should be relieved as counsel. We affirm and grant counsel's motion to withdraw.

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), appellant's counsel has ordered the relevant portions of the record, Arkansas Supreme Court Rule 6-9(c), and concluded that after a review of the record there are no issues of arguable merit for appeal, Rule 6-9(i). Mr. Heflin was provided with a copy of his counsel's brief and motion and informed of his right to file pro se points, which he did.

---

[1]The child's mother's parental rights were terminated as to both A.H. and A.H.'s two-year-old half-brother. The mother is not a party to this appeal. Nor is A.H.'s half-brother's father, whose parental rights were also terminated.

We review termination–of–parental–rights cases de novo. *Carroll v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 199. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2013); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

On March 6, 2013, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody of both A.H. and his younger brother, who had been living with their mother. In an attached affidavit of a family service worker, it was stated that A.H. had recently received medical treatment for two cigarette burns to his left thumb. Upon investigation, A.H.'s mother admitted that she had used methamphetamine on the same day she was interviewed, and she tested positive for methamphetamine, THC, and benzos. The mother could not explain the burns on her son, and she told investigators that she had been contemplating suicide. The emergency petition noted that A.H.'s father, Abram Heflin, was incarcerated in the Arkansas Department of Correction. On March 11, 2013, the trial court entered an order for emergency DHS custody.

2

The trial court entered a probable-cause order on March 12, 2013, and an order adjudicating the children dependent-neglected on April 4, 2013. Mr. Heflin remained incarcerated and did not appear at either the probable-cause hearing or the adjudication hearing. Mr. Heflin was also absent from a fifteen-month review hearing held on June 10, 2014.

DHS filed a petition to terminate Mr. Heflin's parental rights on June 18, 2014. Although still incarcerated, Mr. Heflin appeared for the termination hearing held on August 19, 2014.

On September 2, 2014, the trial court entered an order terminating Mr. Heflin's parental rights. The trial court found by clear and convincing evidence that termination of parental rights was in A.H.'s best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning him to the custody of his father as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of two statutory grounds. First, the trial court found that A.H. had lived outside the home of the parent for twelve months and that Mr. Heflin had willfully failed to maintain meaningful contact with the child. Ark. Code Ann. § 9-27-341(b)(3)(B)(ii). Next, the trial court found, pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(viii), that Mr. Heflin was sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life.

At the termination hearing, the DHS family service worker assigned to the case gave her opinion that it was in both of the children's best interest to have parental rights

terminated. An adoption specialist indicated that the children were adoptable and that the goal was to have them adopted together. Over appellant's objection, the adoption specialist gave the opinion that, based on her years of experience, she believed there was a good likelihood that the children could be adopted together.

Mr. Heflin testified that he was placed on probation in 2011 for stealing a vehicle and that his probation was revoked in 2012. Beginning in February 2012, Mr. Heflin began serving a twelve-year prison sentence to be followed by a five-year suspended sentence. Mr. Heflin stated that he was eligible for parole in January 2015, and that if he got out of prison he planned to go to a halfway house or a rehabilitation center.

In appellant's counsel's no-merit brief, counsel correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Mr. Heflin's parental rights. Only one ground is necessary to terminate parental rights, and in this case the evidence demonstrated that Mr. Heflin was sentenced in a criminal proceeding for a period of time that would constitute a substantial period of A.H.'s life. Mr. Heflin was serving a twelve-year prison term that began in February 2012, and A.H. is now four years old. Although Mr. Heflin thought he might be paroled within several months of the termination hearing, we look at the length of the prison sentence, not the potential release date, when reviewing whether this statutory ground was met. *Moses v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 466, 441 S.W.3d 54. That being so, the trial court did not clearly err in finding that appellant's twelve-year prison sentence was a substantial portion of A.H.'s life.

Nor can a meritorious challenge be made to the best interest of the child. There was testimony that A.H. was adoptable, and Mr. Heflin's relationship with his son had been severely compromised by Mr. Heflin's imprisonment beginning when A.H. was barely one year old. On this record, we agree with counsel that the trial court's decision to terminate Mr. Heflin's parental rights was not clearly erroneous, and that any appeal challenging the sufficiency of the evidence would be wholly without merit.

There was only one other adverse ruling at the termination hearing, and it occurred when the trial court overruled appellant's objection to the adoption specialist's testimony that she thought A.H. and his half-brother could be adopted together. Given the adoption specialist's years of experience in this field, there was no abuse of discretion in admitting this testimony. Moreover, as appellant's counsel asserts in her no-merit brief, the adoption specialist had already testified without objection that A.H. was adoptable, and any possible error in this regard would not have been reversible.

In Mr. Heflin's pro se points, he raises multiple issues that can be fairly characterized as challenging the sufficiency of the evidence supporting termination of his parental rights. Mr. Heflin asserts that he wrote letters to the child from prison, that he attempted to better himself while he was in prison, that he expected to be paroled soon, and that he was not responsible for A.H.'s emergency removal from the child's mother's custody. However, as we previously discussed, the trial court did not clearly err in finding grounds for termination, nor did it clearly err in finding that termination was in A.H.'s best interest. Mr. Heflin also complains that the rights of his family to visit A.H. have been severed, but this is not an

5

adverse ruling or a basis to appeal the termination of his parental rights. We conclude that Mr. Heflin's pro se points provide no grounds for reversal, and that appellant's counsel has adequately addressed each of the adverse rulings in counsel's no-merit brief.

After examining the record, the no-merit brief, and the pro se points, we have determined that this appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant his counsel's motion to be relieved from representation.

Affirmed; motion granted.

ABRAMSON and HOOFMAN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Tabitha B. McNulty*, Arkansas Department of Human Services; and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.