SLIP OPINION  Cite as 2016 Ark. App. 290

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-66

|  |  |
|---|---|
| JENNIFER BEISNER<br><br>                            APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN<br>SERVICES AND MINOR CHILDREN<br>                            APPELLEES | **Opinion Delivered**  May 25, 2016<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>ELEVENTH DIVISION<br>[NOS. 60JV-13-2041, 60JV-15-691]<br><br>HONORABLE PATRICIA ANN JAMES,<br>JUDGE<br><br>AFFIRMED |

### LARRY D. VAUGHT, Judge

Jennifer Beisner is appealing the Pulaski County Circuit Court's order terminating her parental rights to her two minor children, R.B.1 and R.B.2. Beisner's only argument on appeal[1] is that the circuit court erred when it proceeded with the termination hearing "despite the absence of a critical witness," William Mitchell, who was then believed to be the father of one of the children and who had made allegations against Beisner. We affirm.

This case began on December 16, 2013, when a drug raid at Beisner's home resulted in her arrest. The Arkansas Department of Human Services (DHS) exercised an emergency hold on R.B.1, who was then sixteen months old. Beisner was four months pregnant at the time. She admitted having smoked marijuana but claimed that the drugs found in her home during the raid were left there by a friend. R.B.1 was adjudicated dependent-neglected based

---

[1] Beisner does not challenge the circuit court's findings as to statutory grounds or best interest.

on a stipulation by the parties. In the court's June 4, 2014 review order, it was noted that Beisner was in compliance and was making good progress.

Beisner gave birth to R.B.2 on May 21, 2014. Based on DHS's recommendation, the court allowed R.B.2 to stay in Beisner's care and granted Beisner unsupervised day visits with R.B.1. Following several months of successful unsupervised visitation, Beisner was granted weekend visitation. Beisner then moved for a trial placement of R.B.1 back into her home, which was granted on November 17, 2014.

In December 2014, the circuit court entered a permanency-planning order that stated reunification with Beisner should be achieved within three months based on Beisner's compliance and progress. Beisner then filed a motion for temporary custody of R.B.1. Although DHS originally objected to the motion for temporary custody, it withdrew its objection, and the circuit court granted Beisner temporary custody of R.B.1 on April 8, 2015. The court ordered Beisner not to have the children around any unrelated males or the maternal grandmother.

On May 18, 2015, DHS filed a petition for dependency-neglect on R.B.2 and a motion for ex parte emergency change of custody of R.B.1. It had come to the attention of DHS that Beisner had posted photos of herself and the children with an unrelated male on Facebook, later determined to be William Mitchell. Following an emergency staffing to address the fact that Beisner had violated the court's order by having her children around Mitchell, Mitchell came to DHS and voluntarily reported that Beisner had engaged in numerous other violations during the trial placement, including prostitution, drug use, taking the children out of state, leaving them with her mother (with whom they were supposed to have no contact), quitting

her job, and having them around unrelated males. The court granted the motions, and both children were returned to DHS custody.

On August 24, 2015, DHS filed a motion to terminate parental rights as to both children. At the termination hearing, when it was discovered that Mitchell (who was named R.B.2's putative father) would not be present at the hearing because he was in another division of circuit court for an arraignment, the court announced that it intended to go forward with the termination hearing. Beisner's attorney stated that she had planned on questioning Mitchell as a witness but admitted that she had not subpoenaed him. The court stated that it was going forward with the termination hearing "unless somebody gives me some compelling reason otherwise." Beisner's attorney made no objection to the hearing proceeding in Mitchell's absence. After the close of all the evidence, the court terminated Beisner's parental rights. Beisner filed a timely notice of appeal.

In *Knuckles v. Arkansas Department of Human Services*, we explained that we review termination-of-parental-rights cases de novo. 2015 Ark. App. 463, at 2–3, 469 S.W.3d 377, 378–79 (citing *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001)). However, we reverse a trial court's decision to terminate parental rights only when it is clearly erroneous. *Ullom v. Ark. Dep't of Human Servs.*, 340 Ark. 615, 12 S.W.3d 204 (2000); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851; *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 43 S.W.3d 196 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a distinct and firm conviction that a mistake was made. *Wade v. Ark. Dep't of Human Servs.*, 337 Ark. 353,

990 S.W.2d 509 (1999); *Hopkins v. Ark. Dep't of Human Servs.*, 79 Ark. App. 1, 83 S.W.3d 418 (2002).

Beisner's sole argument on appeal is that the circuit court violated her due-process rights by proceeding with the hearing in Mitchell's absence. This issue was not preserved for appeal because Beisner's attorney failed to make a contemporaneous objection before the circuit court. *Ingle v. Ark. Dep't of Human Servs.*, 2014 Ark. 471, at 7–8, 449 S.W.3d 283, 288. This court has long held that an appellant must raise an argument and obtain a ruling on even constitutional issues in the trial court in order to preserve the issue for appeal. *See Raymond v. State*, 354 Ark. 157, 162–63, 118 S.W.3d 567, 571 (2003). Issues raised for the first time on appeal will not be considered because the circuit court never had an opportunity to make a ruling. *Johnson v. State*, 2009 Ark. 460 (per curiam) (citing *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005)).

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.