LARRY D. VAUGHT, Judge
Richard Blasingame appeals the Sebastian County Circuit Court's termination of his parental rights to his three minor children, A.B., I.B., and R.B. On appeal, he argues that there was insufficient evidence to support any statutory ground for termination, termination was not in the children's best interest, and the court failed to enter a timely order. We affirm.
After numerous investigations into allegations of abuse and neglect dating back to 2011, the Arkansas Department of Human Services (DHS) removed Blasingame's three children in September 2015 because their mother was high on drugs and hallucinating.[1]
Blasingame fled the home when police arrived.[2] The case proceeded in the normal fashion, and Blasingame was ordered to comply with the case plan, which required that he maintain stable and appropriate housing, income, and transportation; complete parenting classes; complete drug, alcohol, and psychological assessments and all recommended treatment; submit to drug screens as required by DHS; and visit his children regularly. He was also ordered to complete domestic-violence classes.
The evidence presented at the termination hearing demonstrated that Blasingame failed to complete outpatient treatment or marital counseling ; failed to attend domestic-violence classes; and *875 continued a pattern of criminal behavior throughout the case, resulting in multiple arrests for battery, trespass, and violation of his probation. Blasingame testified that he had been arrested six times during the pendency of this case. Blasingame also failed to maintain stable and appropriate housing and employment; he was evicted during the case. At the time of the termination hearing, Blasingame testified that he was currently living in a one-bedroom trailer and was hoping to soon move in with a friend, but he acknowledged that the friend's home would not be appropriate for the children.
The children went through numerous foster placements during the case. At one point, they were placed with their aunt and uncle, Justin Voight, who testified at the hearing. Voight testified that Blasingame's phone visitation with the children did not go well and that Blasingame had threatened to have Voight killed after they had a disagreement about phone visitation. The caseworkers testified that the children were currently placed together in a therapeutic foster home and that the foster parents were interested in adoption. Caseworkers testified that there was no reason to believe the children would not be adopted.
Blasingame claimed that he was unable to comply with many of the case-plan requirements because he lacked transportation, but his caseworker testified that she had provided him with a six-month supply of bus passes and had personally provided the family with transportation on many occasions. Blasingame also presented evidence that he had made some progress in the case recently. He was doing odd jobs, although it was not stable income and wasn't sufficient to support the children. He had completed parenting classes, a drug-and-alcohol assessment, and a psychological assessment. However, the circuit court found that this progress was insufficient given his continued instability, failure to follow the case plan, and numerous arrests and violent offenses. At the end of the February 2017 hearing, the court granted the petition to terminate Blasingame's parental rights, although it did not issue the written order until June. In its written order, the court found that termination was appropriate under three statutory grounds: (1) failure to remedy, (2) subsequent factors, and (3) aggravated circumstances (little likelihood that further services would result in successful reunification). The court also found that termination was in the children's best interest. Specifically, the court found that the children were adoptable and, alternatively, that if not adoptable, adoptability was of no legal significance because the risk of harm posed by returning them to their parents outweighed any concerns about their adoptability.
We review termination-of-parental-rights cases de novo. Dinkins v. Ark. Dep't of Human Servs. , 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2017); M.T. v. Ark. Dep't of Human Servs. , 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. Anderson v. Douglas , 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. J.T. v. Ark. Dep't of Human Servs. , 329 Ark. 243, 947 S.W.2d 761 (1997) ; Tucker v. Ark. Dep't of Human Servs. , 2011 Ark. App. 430, 389 S.W.3d 1 ;
*876 Pine v. Ark. Dep't of Human Servs. , 2010 Ark. App. 781, 379 S.W.3d 703. Credibility determinations are left to the fact-finder. Moiser v. Ark. Dep't of Human Servs. , 95 Ark. App. 32, 233 S.W.3d 172 (2006).
The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for his or her child. Camarillo-Cox v. Ark. Dep't of Human Servs. , 360 Ark. 340, 201 S.W.3d 391 (2005) ; Cole v. Ark. Dep't of Human Servs. , 2012 Ark. App. 203, 394 S.W.3d 318. A parent's past behavior is often a good indicator of future behavior. Stephens v. Ark. Dep't of Human Servs. , 2013 Ark. App. 249, 427 S.W.3d 160. Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. Pine , supra.
The standard of review in appeals of termination of parental rights is de novo, but we reverse a circuit court's decision to terminate parental rights only when it is clearly erroneous. Ullom v. Ark. Dep't of Human Servs. , 340 Ark. 615, 12 S.W.3d 204 (2000) ; Mitchell v. Ark. Dep't of Human Servs. , 2013 Ark. App. 715, 430 S.W.3d 851 ; Brewer v. Ark. Dep't of Human Servs. , 71 Ark. App. 364, 43 S.W.3d 196 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a distinct and firm conviction that a mistake was made. Wade v. Ark. Dep't of Human Servs. , 337 Ark. 353, 990 S.W.2d 509 (1999) ; Hopkins v. Ark. Dep't of Human Servs. , 79 Ark. App. 1, 83 S.W.3d 418 (2002).
Blasingame challenges the sufficiency of the evidence in support of each statutory ground found by the court. Only one ground must be proved to support termination. Reid v. Ark. Dep't of Human Servs. , 2011 Ark. 187, 380 S.W.3d 918.
The first statutory ground cited by the court in support of termination was Blasingame's failure to remedy the conditions causing removal. Ark. Code Ann. § 9-27-341(b)(3)(B)(b)(i)(a) . Blasingame argues that the only "condition" causing removal on his part was the fact that he fled from the home when police arrived. However, both the affidavit of facts attached to DHS's petition for emergency custody and the court's subsequent order relied on DHS's extensive history with the family, including numerous allegations of domestic violence, abuse, and neglect going back to 2011. Although the mother's drug use was the final straw, both the petition and order clearly indicate that the former neglect and abuse were factors causing removal. Therefore, we find no reversible error in the circuit court's finding that Blasingame's continued pattern of violence, arrests, and instability constituted a failure to remedy those conditions.
Blasingame's second argument on this point asks us to reweigh the evidence supporting each of the court's findings, which we cannot do. He claims that his housing and work were more stable than the court believed, that his failure to complete domestic violence classes was excusable due to his lack of transportation and other time constraints, and that he had "remedied" his multiple arrests by having been sentenced on each charge so that no *877 criminal charges were still pending at the time of the hearing. It is well settled that we will not reweigh the evidence on appeal, and credibility determinations are left to the circuit court. Newman v. Ark. Dep't of Human Servs. , 2016 Ark. App. 207, 489 S.W.3d 186. Again, we find no error in the circuit court's determination and affirm.
Blasingame further argues that the court erred by ignoring evidence of his recent progress. However, the court's final order does not ignore such evidence. The court acknowledged that Blasingame had completed parenting classes, drug-and-alcohol assessments, and a psychological assessment. However, it also listed numerous findings that weighed against Blasingame-his failure to complete domestic-violence classes, his multiple arrests and continued pattern of violent behavior, and his instability in housing and employment. Again, Blasingame is asking us to reweigh the evidence, focusing on his progress and ignoring the many ways he fell short. This we cannot do, and we affirm as to the sufficiency of the evidence supporting at least one statutory ground for termination.[3]
Blasingame also challenges the court's best-interest finding. He again argues that the court failed to credit his recent progress and argues that there was insufficient evidence that returning the children to his custody would pose a threat of harm. We disagree. For the same reasons stated above, we will not reweigh the evidence in Blasingame's favor. His multiple arrests, pattern of violent behavior, death threats against Justin Voight, and instability all support the court's best-interest finding.
Blasingame's final argument on appeal is that the circuit court violated Arkansas Code Annotated section 9-27-341(e) by failing to file the written termination order within thirty days of the hearing. Instead, the court waited 127 days before filing the order. DHS contends that this argument was not raised below and is therefore not preserved for appeal. Blasingame responds that he never had the opportunity to raise this point before the filing of the termination order and relies on the rule that where a party has no opportunity to object to a circuit court's ruling, it is not necessary to raise the issue below in order to preserve it for appeal. Olson v. Olson , 2014 Ark. 537, at 7-8, 453 S.W.3d 128, 132-33. Our caselaw is clear that a posttrial motion is unnecessary to preserve an issue for appeal in a dependency-neglect case. Kelso v. Ark. Dep't of Human Servs. , 2013 Ark. App. 509, at 3, 2013 WL 5272997 ; Geatches v. Ark. Dep't of Human Servs. , 2016 Ark. App. 526, at 3, 2016 WL 6471686. Therefore, because Blasingame's first opportunity to raise the issue would have been in a posttrial motion, his argument is not barred from appellate review due to lack of preservation.
However, Blasingame's challenge to the timeliness of the order fails on its merits. He has acknowledged that our precedents unequivocally hold that compliance with this part of the statute is little more than a "best practice," the violation of which does not warrant reversal or any other sanction. Wade v. Ark. Dep't of Human Servs. , 337 Ark. 353, 360, 990 S.W.2d 509, 514 (1999) (finding that the failure to file an order terminating parental rights within thirty days as required by statute was not jurisdictional and the legislature did not provide for any penalty).
*878 Newman , 2016 Ark. App. 207, at 14, 489 S.W.3d at 194. There are numerous cases holding that failure to comply with the statute's time requirement is not jurisdictional and does not warrant reversal. Faussett v. Ark. Dep't of Human Servs. , 2017 Ark. App. 168, at 8, 2017 WL 1019021 (no error denying a motion to dismiss for not filing the termination petition within thirty days from the permanency-planning hearing as required by statute); Hill v. Ark. Dep't of Human Servs. , 2012 Ark. App. 108, at 6, 389 S.W.3d 72, 75 (finding that the failure to hold a hearing on a termination petition within ninety days from filing as required by statute was not jurisdictional). While Blasingame argues that these cases were wrongly decided and should be reversed, we need not consider this argument because the Arkansas Supreme Court decided Wade v. Arkansas Department of Human Services , cited above, and the Arkansas Court of Appeals is not at liberty to overturn a decision of the Arkansas Supreme Court. Metcalf v. Texarkana Sch. Dist. , 66 Ark. App. 70, 73, 986 S.W.2d 893, 894 (1999) ; Conway v. State , 62 Ark. App. 125, 969 S.W.2d 669 (1998) ; Nelson v. Timberline Int'l., Inc. , 57 Ark. App. 34, 942 S.W.2d 260 (1997) ;
Cheshire v. Foam Molding Co. , 37 Ark. App. 78, 822 S.W.2d 412 (1992) ; Myles v. Paragould Sch. Dist. , 28 Ark. App. 81, 770 S.W.2d 675 (1989).
Affirmed.
Abramson and Hixson, JJ., agree.

Maura Blasingame is not a party to this appeal.

There was inconsistent evidence as to whether he fled immediately before or after police arrived at the home.

Because only one statutory ground is necessary for termination, we need not address Blasingame's challenges to the circuit court's finding that two other statutory grounds had also been proved.