Cite as 2020 Ark. App. 438

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-938

| | |
|---|---|
| TASHYRA POWELL | **Opinion Delivered:** September 23, 2020 |
| APPELLANT | APPEAL FROM THE LOGAN |
| V. | COUNTY CIRCUIT COURT, NORTHERN DISTRICT |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | [NO. 42PJV-17-34] |
| | HONORABLE TERRY SULLIVAN, JUDGE |
| APPELLEES | |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Counsel for appellant Tashyra Powell brings this no-merit appeal from the October 2019 order of the Logan County Circuit Court terminating appellant's parental rights to her son, A.W.[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*[2] and Arkansas Supreme Court Rule 6-9(i), appellant's counsel has filed a motion to withdraw and a no-merit brief contending that there are no meritorious issues that would support an appeal. The clerk of this court mailed a certified copy of counsel's brief and motion to be relieved to appellant, informing her of her right to file pro se points for reversal, which she has elected to do. We affirm the termination order and grant counsel's motion to withdraw.

---

[1]The parental rights of A.W.'s father, Reginald Ward, Jr., were also terminated; however, he is not a party to this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2004).

On September 28, 2017, the Arkansas Department of Human Services (the Department) exercised a seventy-two-hour hold on A.W. and then filed a petition for emergency custody after A.W.'s mother, appellant, was arrested for aggravated assault and child endangerment.[3] A.W. was adjudicated dependent-neglected on November 1 due to neglect by failure to protect. The goal of the case was set as reunification with the concurrent goal of adoption. Appellant was ordered to submit to random drug screens, watch the video "The Clock is Ticking," attend and complete parenting classes, obtain stable and appropriate housing, obtain and maintain stable and gainful employment, attend counseling, submit to a psychological evaluation and follow any recommendations, submit to homemaker services, cooperate with the Department and comply with the case plan, complete domestic-violence classes, submit to hair-follicle testing, and resolve all criminal issues.

Following a February 2018 review hearing, the circuit court entered an order finding that appellant had partially complied with the case plan and court orders and was not credible in her statements regarding visitation. While the circuit court reviewed the case again in June 2018, appellant's credibility and compliance with the case plan and court orders were not noted. However, the goal of the case remained reunification.

A permanency-planning hearing was held on September 19, 2018. The circuit court found that appellant was making significant measurable progress toward achieving the reunification goals established in the case plan and authorized a plan to place A.W. with appellant. The court noted that because appellant's progress on her case plan was

---

[3]Appellant reportedly stabbed her boyfriend, Nhia Her, in the chest with a writing pen, chased him on to a school bus, and continued to assault him in the presence of A.W., as well as other children.

2

incomplete, the concurrent goal remained adoption. After the fifteen–month review hearing on December 19, 2018, the circuit court found appellant to be in compliance with the case plan and court orders and authorized the Department to increase appellant's visitation with A.W., up to and including trial home placement.

In April 2019, the circuit court reviewed the case and noted that A.W. had been on a trial home placement that ended due to appellant's behavior. Additionally, the circuit court found that appellant had partially complied with the case plan and court orders, specifically the court found:

> She has recently moved into a new house, which has little furniture, including no bed for the juvenile; the mother had failed to inform the Department that she was behind on her rent in her previous apartment, and it was reported that she left a number of her possessions behind at her previous apartment, and that she pulled down the smoke detectors, carbon monoxide detectors, and poured flour, hot sauce, spaghetti and other food items all over the home; the mother has obtained new employment; she had reliable transportation; completed her psychological evaluation; participated in a 180 day hair follicle test which was negative; completed counseling and was discharged with no further services recommended; completed a drug and alcohol assessment which did not recommend any services; completed parenting; watched the "Clock is Ticking" video,; the mother has not provided the Department with proof of employment; and has not been honest with the Department.

Another review hearing was held on July 3, 2019. The circuit court found that appellant had partially complied with the case plan and court orders. The court noted that although appellant had completed anger-management classes, her testimony indicated that she had not benefited from those classes, she was unemployed, failed to visit A.W. as recommended, and had recently been arrested on battery charges. The goal of the case was changed to adoption.

3

DHS filed a petition for termination of parental rights on July 11, 2019, alleging four grounds for termination. Following a hearing, the circuit court granted DHS's petition to terminate appellant's parental rights based on all four of the grounds alleged in the petition: (1) failure to remedy;[4] (2) failure to provide significant material support;[5] (3) subsequent factors;[6] and (4) aggravated circumstances.[7] A termination order was entered on October 2, 2019.

This court reviews termination-of-parental-rights cases de novo.[8] Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established.[9] The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous.[10] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has

---

[4]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2019).

[5]Ark. Code Ann. § 9-27-341(b)(3)(B)(ii)*(a)*.

[6]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii).

[7]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)*.

[8]*Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001).

[9]*Tillman v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 119.

[10]*Id.*

been made.[11]   In resolving the clearly erroneous question, we give due regard to the opportunity of the circuit court to judge the credibility of witnesses.[12]

To terminate parental rights, a circuit court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety of the child caused by returning the child to the custody of the parent.[13]   The circuit court must also find by clear and convincing evidence that one or more statutory grounds for termination exists.[14]   Proof of only one statutory ground is sufficient to terminate parental rights.[15] Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child.[16]   The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return

---

[11]*Id.*

[12]*Id.*

[13]Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).

[14]Ark. Code Ann. § 9-27-341(b)(3)(B).

[15]*Tillman*, *supra.*

[16]*Id.*

to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.[17]

Arkansas Supreme Court Rule 6-9(i) allows counsel for an appellant in a termination-of-parental-rights case to file a no-merit petition and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. The petition must include an argument section that lists all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explain why each adverse ruling is not a meritorious ground for reversal.[18]

Counsel asserts that evidence presented at the termination hearing sufficiently supports the failure-to-remedy ground relied on by the circuit court for termination of appellant's parental rights. A.W. was removed from appellant's custody when appellant was arrested following a domestic-violence incident between appellant and her then boyfriend, leaving A.W. with no legal caretaker. Throughout the nearly two-year pendency of this case, appellant was offered a myriad of services including anger-management classes; however, shortly before the termination hearing, appellant was again arrested for an incident of domestic violence. Despite the offer of and completion of anger-management classes as well as other services, appellant has not shown to have benefited from the services as her anger and issues with violence have not been remedied. When a juvenile has been

---

[17]Ark. Code Ann. § 9-27-341(a)(3).

[18]Ark. Sup. Ct. R. 6-9(i)(1)(A).

6

adjudicated dependent-neglected and has continued out of the custody of the parent, and despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent, parental rights may be forever terminated.[19] Furthermore, this court has held that when removal was caused by a parent's arrest and a history of domestic violence, that a parent's pattern of violence, arrests, and instability during the case do constitute a failure to remedy the cause of removal.[20]

Counsel further asserts that evidence presented at the termination hearing supports the circuit court's best-interest finding. Family service worker Kylie Slater testified that A.W. is adoptable and has no impairments that would impede the adoption process. The testimony of a caseworker is sufficient to support a circuit court's adoptability findings.[21] As for potential harm, appellant was noncompliant with the case plan and court orders. A parent's failure to comply with court orders is sufficient evidence of potential harm to a child.[22] Additionally, A.W. was removed from appellant's custody in September 2017 when appellant was arrested on charges of aggravated assault. However, despite completing anger-management classes, just prior to the termination hearing held in July 2019, appellant had again been arrested on domestic-battery charges. During the pendency of the case, appellant

---

[19]*See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*.

[20]*Blasingame v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 71, 542 S.W.3d 873.

[21]*Whitaker v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 61, 540 S.W.3d 719.

[22]*Bell v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 446, 503 S.W.3d 112.

had been arrested on other charges, as well. A circuit court is permitted to consider a parent's past behavior over a meaningful period of time as a predictor of future behavior.[23]

In her pro se points for reversal, appellant asserts that she believes she "did not truly get a second chance" with A.W. and that "proper protocol" was not followed. Nevertheless, as previously discussed, the circuit court's termination decision was supported by sufficient evidence; therefore, her pro se points provide no grounds for reversal.

Having carefully examined the record and counsel's brief, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases and that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights to A.W. and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and SWITZER, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Megan Halley*, Arkansas Department of Human Services, for appellee.

*Kimberly Boling Bibb*, attorney ad litem for minor child.

---

[23]*Thompson v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 167, 374 S.W.3d 143.

8