SLIP OPINION



Cite as 2015 Ark. App. 535

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–459

| | |
|---|---|
| CHRISTINA TRIBBLE<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** SEPTEMBER 30, 2015<br><br>APPEAL FROM THE YELL COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. JV-13-25]<br><br>HONORABLE TERRY SULLIVAN, JUDGE<br><br>AFFIRMED; MOTION GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Christina Tribble appeals the February 2015 order of the Yell County Circuit Court that terminated her parental rights to her son H.D. born in July 2013.[1] The child was taken into emergency custody in November 2013 by the Arkansas Department of Human Services (DHS), when the baby was a few months old. DHS filed a petition to terminate her parental rights in December 2014, more than one year later, and it was granted on all six grounds asserted by DHS. Appellant filed a timely notice of appeal. Appellant's attorney has filed a no merit brief on appeal. The attorney's motion to withdraw and no merit brief was mailed to appellant at her last known address (prison). Appellant did not file any responsive points. After our review of this appellate brief, we hold that it complies with the requirements of Arkansas Supreme Court Rule 6-9 (2015) and *Linker-Flores v. Ark. Dep't*

---

[1]The child's father, Bobby Joe Davis, went to prison and ultimately relinquished his parental rights, so the father is not part of this appeal.

*of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). The termination of appellant's parental rights is affirmed, and counsel's motion to be relieved is granted.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2013); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997); *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1; *Pine v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 781, 379 S.W.3d 703. Credibility determinations are left to the fact finder, here, the trial court. *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for her child.

SLIP OPINION

*Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005); *Cole v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 203, 394 S.W.3d 318; *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1. A parent's past behavior is often a good indicator of future behavior. *Stephens v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 249. Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Pine v. Ark. Dep't of Human Servs.*, *supra*.

The standard of review in appeals of termination of parental rights is de novo, but we reverse a trial court's decision to terminate parental rights only when it is clearly erroneous. *Ullom v. Ark. Dep't of Human Servs.*, 340 Ark. 615, 12 S.W.3d 204 (2000); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851; *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 43 S.W.3d 196 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a distinct and firm conviction that a mistake was made. *Wade v. Ark. Dep't of Human Servs.*, 337 Ark. 353, 990 S.W.2d 509 (1999); *Hopkins v. Ark. Dep't of Human Servs.*, 79 Ark. App. 1, 83 S.W.3d 418 (2002).

In this case, the trial court found that six statutory grounds defined in Arkansas Code Annotated section 9-27-327(b)(3)(B) had been proved to support terminating appellant's parental rights, as alleged by DHS. The statutory grounds alleged were (1) the out-of-custody for twelve months and failure-to-remedy ground, (2) the "other factors" ground, (3) aggravated circumstances, meaning that there was little likelihood for reunification in spite

of services being provided; (4) willful failure to provide material support or meaningful contact for at least one year; (5) abandonment; and (6) being sentenced for a substantial period of time in the child's life. Appellant's attorney focuses on the "other factors" ground, and we agree that there is no issue of arguable merit to raise regarding statutory grounds.[2] Appellant's attorney also asserts and explains that the trial court's "best interest" finding is supported by clear and convincing evidence. We agree that no issue of arguable merit could be asserted on appeal as to the sufficiency of the evidence in support of termination of appellant's parental rights.

Appellant and the child tested positive for amphetamines when the baby was born in July 2013. DHS opened a family-services case and established services designed to protect the child. Appellant was living with her boyfriend Joey Harris and his mother. Appellant's boyfriend had a methamphetamine problem, and he was a registered sex offender.

In November 2013, appellant was arrested for a parole violation.[3] She left H.D. in the care of her boyfriend and his mother, but days later, those two were arrested for methamphetamine-related offenses following a traffic stop. Scales were found in the car, and

---

[2]The "other factors" ground is found in Arkansas Code Annotated § 9-27-341(b)(3)(B)(vii)*(a)*, and it recites that this ground means that "other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare, and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent."

[3]Appellant was on parole for crimes she committed in 2011, theft of property and being a felon in possession of a firearm.

a loaded syringe was found in the baby's diaper bag; the baby was in the car. This left the child without a caretaker, so DHS took emergency custody.

A probable-cause order was entered later in November 2013, and H.D. was adjudicated dependent-neglected in January 2014. The trial judge ordered that appellant be permitted reasonable supervised visitation. In April 2014, appellant was ordered to cooperate with DHS and follow the case plan; to refrain from using drugs; to submit to random drug screens; to obtain a drug-and-alcohol assessment and follow any recommendations; and to successfully complete a drug-rehabilitation program.

The case was reviewed in July 2014. At that time, appellant had been released from imprisonment. Her drug test that day was negative. Appellant had resumed her relationship with the child's father, living with him at his mother's house in Ola, Arkansas. The prior orders were reiterated.

In November 2014, a permanency-planning hearing was held. It was learned that appellant tested positive for methamphetamine and THC in August 2014. Appellant had also been arrested and sentenced to prison for her parole violation. The goal was changed from reunification to adoption. DHS was deemed to have provided reasonable efforts, and it was given permission to file a petition to terminate parental rights, which it filed in December 2014.

At the February 2015 termination hearing, appellant testified that she expected to be released from prison in May 2015. Before she went back to prison, however, she had no job, no income, no driver's license, nor did she complete the DHS services provided to her.

Appellant admitted that she had put drugs, the child's father, and her friends ahead of her son, but she stated that she was working diligently on her issues while in prison. She wanted more time so that she could get out of prison, find a job and a place to live, "and then have my child come home."

A family service worker testified that H.D. was adoptable, given his young age and lack of major developmental issues. The foster family, where H.D. had been for the duration of his foster care, was interested in adoption. The trial judge deemed the service worker to be credible. The trial judge's order noted that appellant had been incarcerated, "got out of jail and went back to a life of drugs and instability," and was "now incarcerated again."

As explained by appellate counsel, the "other factors" ground is supported by clear and convincing evidence, and there could be no issue of arguable merit to raise with regard to this statutory ground. Appellant's counsel adequately explains that the best interest finding is also supported by clear and convincing evidence. There was evidence presented that the child was adoptable, and there was potential harm in that the mother had unresolved drug issues, was incarcerated, and lacked a job, a home, and stability. A child's need for permanency and stability may override a parent's request for additional time to improve the parent's circumstances. *Stephens v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 249, 427 S.W.3d 160; *Dozier v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 17, 372 S.W.3d 849.

There were no other adverse rulings. There could be no issue of arguable merit in an appeal of this order terminating appellant's parental rights. We hold that counsel complied



with the requirements of presenting a viable no-merit appeal.  We affirm, and we grant the motion to be relieved.

Affirmed; motion granted.

KINARD and GRUBER, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.