BRANDON J. HARRISON, Judge
Tiffany Roland appeals the termination of her parental rights to K.D., S.M.1, S.M.2, C.M., K.M., and A.M. Roland's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2017); Linker-Flores v. Ark. Dep't of Human Servs. , 359 Ark. 131, 194 S.W.3d 739 (2004). Our court clerk mailed-by restricted delivery, return receipt requested-a certified copy of counsel's motion and brief to Roland's last-known address informing her of her right to file pro se points for reversal. Roland has not filed pro se points for reversal, and the Arkansas Department of Human Services (DHS) has not filed a brief. We affirm the court's decision to terminate Roland's parental rights and grant counsel's motion to withdraw.
I.
The children were adjudicated dependent-neglected in 2016 because of parental unfitness, inadequate supervision, environmental neglect, medical neglect, and exposure to toxic substances. A police officer discovered the children around 4:35 a.m. after Roland had left the children alone in a car. Five of the six children tested positive for cocaine, methamphetamine, and opiates. The children also suffered malnourishment, and one had a severe parasitic infection. Roland had a prior nine-year history with DHS that included true findings for educational neglect and drug use. In its adjudication order, the circuit court made a finding of aggravated circumstances based on the totality of the circumstances, and Roland did not appeal that order.
The circuit court had ordered many family services and, in February 2017, found that Roland was making "no progress whatsoever," was not complying with the case plan, and was "in denial about having a drug problem." A July 2017 permanency-planning order noted that Roland had made "some minimal efforts but has not established any lasting, genuine progress." Nine months into the case, Roland refused to take a drug screen at DHS but did agree to inpatient drug rehabilitation. Her psychological report was "not encouraging," and Roland had been homeless and jobless throughout the case. The court made a second aggravated-circumstances finding and changed the case goal to adoption. The court was concerned about whether Roland could maintain sobriety after completing a drug-rehabilitation program.
*445 DHS filed termination petitions in July and August 2017. The circuit court terminated Roland's parental rights in November 2017, determining that DHS had proved four grounds by clear and convincing evidence and that termination was in the children's best interest.
II.
We review termination-of-parental-rights cases de novo. Cheney v. Ark. Dep't of Human Servs. , 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based on a finding by clear and convincing evidence that the sought-after termination is in the children's best interest. The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. Harper v. Ark. Dep't of Human Servs. , 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. Id. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. Pratt v. Ark. Dep't of Human Servs. , 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. Id. A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. Id.
In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1) (2017). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).
Four grounds were alleged against Roland: (1) twelve-month failure-to-remedy; (2) willful failure to provide significant support or maintain meaningful contact; (3) other factors arising, and (4) aggravated circumstances. See Ark. Code Ann. §§ 9-27-341(b)(3)(B)(i)(a) , (ii)(a) , (vii)(a) , and (ix)(a) (Supp. 2017).
Counsel correctly states in the argument portion of her brief that, in termination cases, a challenge to a finding of abuse or aggravated circumstances must be made, if at all, in an appeal from the adjudication hearing. Hannah v. Ark. Dep't of Human Servs. , 2013 Ark. App. 502, at 4, 2013 WL 5272944. Because Roland did not appeal the court's prior aggravated-circumstances findings in its adjudication and permanency-planning orders, we agree with counsel that there is no meritorious appellate challenge to the aggravated-circumstances statutory ground that was used to terminate Roland's parental rights. And counsel is also correct that a challenge to the other statutory grounds used in the termination order would be frivolous because only one ground listed in section 9-27-341(b)(3)(B) must be proved to support a termination, which in this case was aggravated circumstances.
Facts relevant to the circuit court's best-interest finding are as follows. A DHS adoption specialist testified that Roland's children were adoptable, considering the children as a sibling group and their characteristics. Roland tested positive for cocaine in July and opiates in September, a month before the termination hearing. She *446 could not produce a prescription for any opiates. During the termination hearing, Roland testified that she was living with a friend who had four children, that she did not have room to have all six children, that she could take the younger ones, and that the other children could live with her friend's mother. The caseworker testified that she did not know where Roland was living after being discharged from the rehabilitation facility because Roland's phone could not accept calls.
Counsel correctly notes that under these facts, returning the children to Roland's custody would subject them to potential harm. An addicted parent's illegal drug use and instability may demonstrate a risk of potential harm for the children. Robinson v. Ark. Dep't of Human Servs. , 2017 Ark. App. 262, at 5, 520 S.W.3d 322, 325 (continued drug use demonstrates potential harm sufficient to support a best-interest finding in a termination-of-parental-rights case). Roland continued to test positive for drugs even after completing drug treatment, and she did not have adequate and stable housing. Counsel has adequately explained why there is sufficient evidence to support the court's termination decision and why an appeal would be wholly frivolous.
Finally, there were no adverse rulings pursuant to Ark. Sup. Ct. R. 6-9(i)(1)(A) apart from the termination decision itself. Roland's counsel has adequately addressed the sufficiency of the evidence in the no-merit brief and complied with the requirements of Linker-Flores and this court's rules, so we affirm the court's termination order and grant the motion to withdraw.
Affirmed; motion to withdraw granted.
Gruber, C.J., and Brown, J., agree.