Cite as 2020 Ark. App. 457

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-20-272

| | |
|---|---|
| JASMINE THOMAS<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered:** October 7, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION<br>[NO. 60JV-18-1561]<br><br>HONORABLE WILEY A. BRANTON, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RITA W. GRUBER, Chief Judge**

Counsel for Jasmine Thomas brings this no-merit appeal from the Pulaski County Circuit Court's order entered on January 28, 2020, terminating her parental rights to her three children, JT1 (born 7/23/2015); JT2 (born 9/10/2017); and JT3 (born 3/24/2019). Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), her counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal. Counsel has also filed a motion asking to be relieved. The clerk of this court sent a copy of the brief and motion to be relieved to appellant, informing her that she had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). She has filed no points. We grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

The Arkansas Department of Human Services (DHS) became involved with Thomas on July 9, 2018, after JT2 was taken to the hospital suffering from seizures. At the hospital, JT2 tested positive for "cannabinoids." DHS offered services, including making a referral for drug-and-alcohol assessment and counseling services. Over the next three months, Thomas tested positive for drugs, was evicted from her home, and lived with various relatives and in a shelter.

On December 9, 2018, DHS received another call of neglect regarding the family after JT2 was again taken to the hospital for seizures and tested positive for THC. After this incident, Thomas took her children and enrolled in Arkansas Cares for treatment, but on December 25, DHS was alerted that Thomas had expressed a desire to leave the program. On December 26, DHS received hair-follicle tests for JT1 and JT2, who were both positive for drugs: JT1 for methamphetamine and JT2 for THC, methamphetamine, and cocaine. Thomas was discharged from treatment without completing the program, was homeless, and had no suitable place for her children, prompting DHS to exercise an emergency seventy-two-hour hold on the children. In an order entered March 25, 2019, the children were adjudicated dependent-neglected as a result of parental unfitness due to parental instability and drug use. Thomas was ordered to submit to a drug-and-alcohol assessment and follow any recommendations, complete a psychological evaluation and follow the recommendations, submit to random drug and alcohol screens, participate in parenting classes, and maintain stable and appropriate housing. On March 24, 2019, JT3 was born. Both Thomas and JT3 tested positive for methamphetamine at the birth, and DHS exercised

an emergency hold on JT3. This child was adjudicated dependent–neglected on August 22, and the case was consolidated with the case involving JT1 and JT2.

In a review order entered on June 18, the court referenced a report showing that Thomas had several negative drug screens in February and March and three positive drug screens in March and May. The court also found that Thomas attended a psychological evaluation but was "less than fully cooperative with the process" and declined to complete several assessments designed to provide information regarding her personality and psychopathology. The court found Thomas had no income, had been living "couch to couch" with various people throughout the case, and had made no material progress to find stable and appropriate housing for her children.

On September 17, the court held a permanency-planning hearing. Thomas failed to appear. A report of Thomas's drug screens was introduced demonstrating two negative screens and three positive screens—June 18 for methamphetamine and amphetamine, August 2 for methamphetamine, and August 30 for cocaine, codeine, PCP, methamphetamine, amphetamine, and THC. The court found that Thomas had failed to make any material progress, continued to lack stability, continued to use drugs, and had failed to remediate the conditions that caused removal of her children. The court found by clear and convincing evidence that Thomas had subjected the children to aggravated circumstances in that it was unlikely that services to the family would result in successful reunification within a reasonable period of time. The court also ordered DHS to make arrangements for an updated home study on the home of JT1's paternal grandmother if she

timely asked for one.[1] The court also stated that for the grandmother to be considered as a placement for JT1, she would be required to submit to a psychological evaluation.

DHS filed a petition for termination of parental rights on October 14, and the circuit court granted the petition in an order entered January 28, 2020, finding that DHS had proved the failure-to-remedy ground as to JT1 and JT2 and had proved the subsequent-factors ground and the aggravated-circumstances ground as to all three children. The court also found that DHS had proved by clear and convincing evidence that termination was in the children's best interest.

We review termination-of-parental-rights cases de novo. *Tribble v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 535, at 2. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2019). Clear and convincing evidence is that degree of proof that will produce in the fact finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). Credibility determinations are left to the fact-finder. *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

Counsel correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the termination of Thomas's parental rights. Although the circuit

---

[1]In previous visits to the home, DHS had found the home to be cluttered and unsafe.

court found three statutory grounds for termination, only one ground is necessary to support the termination. *Westbrook v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 352, at 3, 584 S.W.3d 258, 261. Counsel focuses on the aggravated-circumstances ground that it is unlikely that services to the family would result in successful reunification within a reasonable period of time. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)* (Supp. 2019). Counsel correctly notes that Thomas is procedurally barred from challenging termination of her parental rights for aggravated circumstances because the finding was originally made in the permanency-planning order and not previously appealed.[2] While a termination order might bring up all intermediate orders, including an unappealed permanency-planning order, the intermediate order must be designated in the notice of appeal. *See, e.g.*, *Horton v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 633, at 22, 537 S.W.3d 740, 753; *Gyalog v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 302, 461 S.W.3d 734. There was no designation here. In any case, the absolute lack of progress made by Thomas regarding her drug use, stable housing, or employment and her failure to cooperate with her psychological evaluation support termination of her rights for aggravated circumstances, and any argument to the contrary would be without merit.

Counsel also adequately explains that the circuit court's best-interest finding is supported by clear and convincing evidence and that no issue of arguable merit could be asserted on appeal as to the sufficiency thereof. The adoption specialist and the DHS caseworker testified that the children were adoptable and could be adopted together. One

---

[2]Permanency-planning orders are immediately appealable if the order contains a certificate pursuant to Arkansas Rule of Civil Procedure 54(b).

hundred twenty-seven families had been identified as willing to adopt a sibling group matching these children's characteristics. There was also evidence supporting potential harm to the children, who all tested positive for drugs while in Thomas's care. Thomas continued to use drugs throughout the case, did not complete drug treatment, never obtained stable income or housing, and failed to complete any services to address these issues.

In addition to the sufficiency of the evidence, counsel has addressed two requests made by Thomas's counsel in her closing argument. Counsel stated that Thomas's mother or other family member may be interested in having custody of the children if custody were not returned to Thomas. Counsel also asked the court to allow Thomas more time for reunification. With regard to Thomas's request for more time, as counsel has stated in her brief, we have frequently recognized that a child's need for permanency and stability may override a parent's request for more time to improve the parent's circumstances. *See Fredrick v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 104, at 12, 377 S.W.3d 306, 312. DHS initially became involved with this family in July 2018 when JT2 tested positive for drugs. From that time until the termination hearing in January 2019, despite DHS's offer of services, Thomas continued to use drugs and failed to address her addiction. She also failed to obtain employment or stable housing. She made no progress toward reunification with her children. There is no evidence that more time in this case would lead to a successful reunification.

Regarding relative placement, no relatives were approved for placement. The DHS caseworker, Chandler Ross, testified that Thomas's mother had contacted her but did not ask to have the children. Ms. Ross told her to contact the office for a background check if

6

she was interested in custody. She never did so. We have held that where relatives have not been approved for placement and the children remained in foster care, the existence of potential relatives was not a basis to reverse a termination decision. *Dominguez v. Ark. Dep't of Human Servs.*, 2020 Ark. App. 2, 592 S.W.3d 723.

From our examination of the record and the brief presented to us, we have determined that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we hold that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VAUGHT and MURPHY, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.