Cite as 2020 Ark. App. 519

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-20-217

| | |
|---|---|
| JESSICA HENDRICKSON<br><br>APPELLANT<br><br><br>V.<br><br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered:** November 18, 2020<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72JV-18-800]<br><br><br>HONORABLE STACEY ZIMMERMAN, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

Jessica Hendrickson appeals the Washington County Circuit Court order terminating her parental rights to her child, B.H. (10/12/2007).[1] Hendrickson's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and case law, stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2019); *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). Our court clerk mailed certified copies of counsel's motion and brief to Hendrickson's last-known addresses informing her of her right to file pro se points for reversal. Hendrickson has not filed pro se points for reversal, and the Arkansas Department of Human Services (DHS) has not filed a

---

[1]The court also terminated the parental rights of Shawn Hendrickson, B.H.'s father. He is not a party to this appeal.

brief. We affirm the circuit court's decision to terminate Hendrickson's parental rights and grant counsel's motion to withdraw.

On September 24, 2018, DHS filed a petition for emergency custody and dependency-neglect over B.H. In the affidavit attached to the petition, DHS alleged that Jessica and Shawn have a long history of methamphetamine use. On September 20, they had a physical altercation over a methamphetamine pipe at their home following a drug deal while B.H. was asleep in the house. During the altercation, Shawn's gun fired, and both Jessica and Shawn were arrested for aggravated assault and endangering the welfare of a minor. As a result of the arrests, there was no legal caretaker for B.H. On September 25, the circuit court entered an ex parte order for emergency custody, and on September 27, a probable-cause order was entered.

On October 24, the court adjudicated B.H. dependent-neglected based on neglect and unfitness. In the adjudication order, the court found the allegations in the petition and affidavit true and correct, and it recounted the altercation over the methamphetamine pipe that led to Jessica's and Shawn's arrests leaving B.H. without a legal caretaker.

On March 8, 2019, the court entered a review order finding that Jessica had complied with some of the court orders and the case plan. Specifically, the court found that she had completed her drug-and-alcohol assessment and had resolved her criminal case but that she had not submitted to weekly drug screenings since January 7, paid monthly child support, or maintained contact with DHS. The court ordered her to complete a hair-follicle test within seven days.

On August 9, the court held a permanency-planning hearing, but Jessica did not appear. She called her attorney a few minutes before the hearing to inform her that she had a severe migraine and could not attend. The court did not accept her excuse. The court found that Jessica had not complied with any of the court orders and the case plan. Specifically, the court found that she had not followed the recommendations from her drug-and-alcohol assessment, had not submitted to weekly drug screenings, had not obtained housing or employment, had not maintained contact with DHS, had not participated in individual counseling, had not visited B.H., and had not attended family therapy. The court noted that Jessica had tested positive for methamphetamine in her April 2019 hair-follicle screening. The court authorized DHS to file a petition for termination of Jessica's parental rights and further ordered that she and Shawn not have contact with B.H. The court entered a separate no-contact order, and it also issued failure-to-appear warrants for Jessica and Shawn.

On September 16, DHS filed a petition for termination of Jessica's parental rights. DHS alleged the failure-to-remedy, subsequent-factors, and aggravated-circumstances grounds against Jessica. The court held a termination hearing on December 13.

At the hearing, Courtney Jordan, the family service worker, testified that Jessica had not complied with the case plan or court orders until that month. She noted that Jessica had completed the drug-and-alcohol assessment but that she did not complete the recommended classes. She further stated that Jessica had tested positive for methamphetamine on a hair-follicle screening in April 2019 and that Jessica had admitted using methamphetamine in late November 2019. She testified that Jessica did not complete counseling sessions and did not

3

have housing or employment. Jordan further stated that Jessica had continued to contact B.H. after the court entered the no-contact order. She testified that B.H. would be exposed to harm if returned to Jessica's custody due to her instability.

As to B.H., Jordan testified that he is doing well in his foster home and that his foster parents are interested in adopting him. She further stated that he is very smart and doing "amazing" in school.

Jessica testified that she was currently in jail but that she would be released when the circuit court released its bench warrant. She stated that she did not have employment but that she had a "few things lined up." She planned to live with her father after her release, and she noted that she had been living with him since she left Shawn in mid-November 2019. She stated that she had texted B.H. since he had been in foster care, but she denied contacting B.H. since she was informed of the court's no-contact order. She admitted that she last used methamphetamine in November 2019 and explained that she had relapsed due to her relationship with Shawn.

Jessica further testified that she is willing to complete three months of therapy as recommended by the drug-and-alcohol assessment. She stated that the day before the termination hearing, she went to Ozark Guidance and submitted to a mental evaluation. She also met with her therapist and her substance-abuse counselor. She noted that she would begin her group therapy the following Monday if she was released from jail. Jessica asked the court for more time and stated that she needed inpatient rehabilitation.

Shawn testified that he is incarcerated on a "federal hold" and that he will be going to prison for a significant period. He stated that he and Jessica divorced about six months

4

ago. He testified that Jessica wanted to reunite with B.H., and he asked the court to give her more time. He further stated that he had used Jessica's phone to message B.H. and that she did not know about the communication.

On January 9, 2020, the court entered an order terminating Jessica's parental rights on the basis of all three grounds pled in the petition. The court further found it was in B.H.'s best interest to terminate her parental rights. This no-merit appeal followed.

We review termination-of-parental-rights cases de novo. *Roland v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 333, 552 S.W.3d 443. An order terminating parental rights must be based on a finding by clear and convincing evidence that the sought-after termination is in the child's best interest. *Id.* The circuit court must consider the likelihood that the child will be adopted if the parent's rights are terminated and the potential harm that could be caused if the child is returned to a parent. *Id.* The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.* Credibility determinations are left to the fact-finder. *Thomas v. Ark. Dep't of Human Servs.*, 2020 Ark. App. 457, 610 S.W.3d 688.

Counsel correctly states that the only adverse ruling in this case was the circuit court's termination decision. In terminating Jessica's parental rights, the circuit court found that

DHS proved that Jessica had subjected B.H. to aggravated circumstances, meaning there is little likelihood that services to the family will result in successful reunification. Ark. Code Ann. § 9-27-341(b)(B)(ix)*(a)(3)(A), (B)(i)* (Supp. 2019). The evidence supports this finding.[2] The evidence at the termination hearing established that Jessica did not complete counseling sessions, did not have housing or employment, and had used methamphetamine in November 2019, more than a year following B.H.'s removal. Further, she was in jail at the time of the hearing.

Counsel for Jessica also contends that it would be frivolous to seek reversal of the circuit court's best-interest findings. We agree. The family service worker testified that B.H. is very smart and that his foster parents are interested in adopting him. *See Reed v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 416, 375 S.W.3d 709 (holding that testimony from a caseworker that a child is adoptable is sufficient to satisfy the statute). Regarding potential harm, case law is clear that a parent's continuing use of illegal drugs poses a risk of harm to the children if returned to that parent. *Furnish v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 511, 529 S.W.3d 684; *Howell v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 154, 517 S.W.3d 431. Moreover, a court may consider past behavior as a predictor of likely potential harm should the child be returned to the parent's care and custody. *Harbin v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 715, 451 S.W.3d 231. Here, Jessica admitted using

---

[2]In her no-merit brief, counsel addressed only the failure-to-remedy ground. However, because the case is one for termination, we can affirm by addressing a statutory ground that counsel has omitted from her brief. *See Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153.

methamphetamine more than a year after B.H.'s removal from her custody. Further, at the time of the termination hearing, she was in jail and had no employment.

Having examined the record and the brief before us, we affirm the circuit court's termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WHITEAKER and MURPHY, JJ., agree.

*Lindsey D. Tosh*, for appellant.

One brief only.