Cite as 2024 Ark. App. 88

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-543

|  |  |
|---|---|
| BROOKE WILKERSON | Opinion Delivered February 7, 2024 |
| APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OJV-21-30] |
| V. |  |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE KEN D. COKER, JR., JUDGE |
| APPELLEES |  |
|  | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Brooke Wilkerson appeals the order of the Franklin County Circuit Court terminating her parental rights to her children, MC1 and MC2. On appeal, she argues that the court failed to take into consideration the impact of severing the sibling relationship as a part of its best-interest analysis, and further, there was not sufficient evidence of potential harm if the children were returned to Wilkerson's custody. We affirm.

MC1 and MC2 were taken into the custody of the Arkansas Department of Human Services (DHS) on December 18, 2021, when Wilkerson was arrested and no other family members could be contacted. The children were ages five and seven at the time of the removal. DHS was granted ex parte emergency custody, and the court later found that probable cause existed to continue that custody. Wilkerson later stipulated to a dependency-

neglect finding based on inadequate supervision. After several months of minimal compliance, the goal of the case was changed to adoption with a concurrent goal of placement with a fit and willing relative. After the goal was changed, on February 23, 2023, DHS and the attorney ad litem filed a joint petition to terminate Wilkerson's parental rights.

A termination hearing was held on April 26, 2023. At that hearing, the DHS caseworker, Cheryl Warden, testified that she had worked on this case since it opened. She explained that the children were placed in separate homes because one of them required a therapeutic placement. Both children are in counseling and doing well in school. Warden said Wilkerson required redirection on Zoom visits, and they had to do Zoom visits because Wilkerson's behavior had previously required that they call the police. Wilkerson was very aggressive, and when DHS asked her to take an alcohol swab and drug screen, Wilkerson "chewed it up for a little bit and then spit it on the floor." Additionally, Wilkerson refused to take several drug tests, produced some tests that were adulterated, and produced other tests with "no temp."

Warden testified that Wilkerson was positive for meth in October 2022 and that Wilkerson "tried to sabotage every time" DHS made an appointment for her to have treatment. Wilkerson was offered drug treatment, counseling, parenting classes, transportation, and visits. Wilkerson would not take a drug test the morning of the termination hearing. Warden said that she did not think there were any services DHS could offer that have not already been offered or that would be beneficial to Wilkerson. Wilkerson never advanced to unsupervised visits with her children. DHS would be concerned if the

children were returned to Wilkerson's custody due to her lack of suitable transportation, lack of a suitable home, unaddressed drug and alcohol problems, and mental-health concerns.

When asked about the children's adoptability, Warden testified that while the children have some issues, she did not think the issues would prevent them from being adopted; she thinks the children are adoptable. Two families were interested in adopting the children.

The court terminated Wilkerson's parental rights in an order entered May 17, 2023. On appeal, Wilkerson argues that the circuit court erred in making its best-interest finding when it failed to consider the effect of the termination on the sibling relationship, considering that the children were in separate placements. She further argues that there was insufficient evidence of potential harm if the children were returned to her.

We review termination-of-parental-rights cases de novo. *Roland v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 333, 552 S.W.3d 443. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3)(A),(B) (Supp. 2023). In making a best-interest determination, the circuit court is required to consider two factors: (1) the likelihood that the child will be adopted and (2) the potential of harm to the child if custody is returned to a parent. *Ware v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 480, at 6–7, 503 S.W.3d 874, 878. The potential harm to the child is a factor to be considered, but a specific potential harm does not have to be identified or proved by clear

and convincing evidence. *Pine v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 781, at 11, 379 S.W.3d 703, 709. The potential-harm analysis is to be conducted in broad terms. *Id.* It is the "best interest" finding that must be supported by clear and convincing evidence. *Singleton v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 455, at 5, 468 S.W.3d 809, 812.

We will not reverse a termination order unless the circuit court's findings are clearly erroneous. *Fisher v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 39, at 4, 569 S.W.3d 886, 888. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Credibility determinations are left to the fact-finder. *Kerr v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 271, at 6, 493 S.W.3d 342, 346.

On appeal, Wilkerson does not challenge the statutory grounds and instead limits her argument to the best-interest determination. We will address her points out of order.

To the extent that Wilkerson challenges that her children are not adoptable, the caseworker testified that they are, even given their specific issues. Two families were interested in them. A caseworker's testimony that a child is adoptable is sufficient to support an adoptability finding. *Cole v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App 121, 543 S.W.3d 540.

Regarding potential harm, Wilkerson asserts that there was insufficient evidence that the children would be at risk of harm if returned to her custody. Wilkerson explains that because she "was never allowed unsupervised visits with the children," it cannot be known if her ability to adequately supervise the children was remedied. The evidence for potential

4

harm is viewed in a forward-looking manner and considered in broad terms, but a circuit court is not required to find that actual harm will result or to affirmatively identify a potential harm. *Bentley v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 374, at 14, 554 S.W.3d 285, 294. Here, the court specifically found that the children

> would be subjected to potential harm because the parent lacks stable and appropriate housing, lacks stable and sufficient income or employment, has not addressed her substance abuse problem, has not addressed her mental health issues, and has acted erratic during visits to the point that the Court has suspended her in-person visitation.

These are all findings supported by the testimony in this record, and this court has held that failure to provide appropriate housing is contrary to the best interest of children, *see, e.g., Selsor v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 182, at 6, 516 S.W.3d 314, 318 (collecting cases); failure to obtain sufficient employment or income is contrary to the best interest of children, *see, e.g., Simmons v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 233, at 12; and continued drug use is contrary to the best interest of children, *see, e.g., Bolden v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 218, at 12, 547 S.W.3d 129, 136. Unresolved mental-health issues further support a finding of potential harm. *Manning v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 565, 17. ___ S.W.3d ___, ___. The potential-harm finding was not clearly erroneous.

We now turn to Wilkerson's point about the children's potential separation from one another by adoption. She contends that the siblings' relationship should have been considered as part of the best-interest analysis. She cites *Caldwell v. Arkansas Department of*

*Human Services*, 2010 Ark. App. 102, and *Clark v. Arkansas Department of Human Services*, 2016 Ark. App. 286, 493 S.W.3d 782. Neither present meritorious grounds for reversal.

First, we reversed the termination in *Caldwell* because we held that terminating the parental rights of only the father would not serve to achieve permanency and that the termination of the father's rights endangered the child's relationship with her paternal grandmother, which the circuit court found to be the most stable influence on the child. Nor is *Clark* applicable: it concerned an appeal of a custody award between two parents—not a termination of parental rights. The Juvenile Code does not require certainty, let alone a "guarantee," that siblings be adoptable as a group. *Corley v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 397, at 9, 556 S.W.3d 538, 544. Evidence of a precise adoptive placement is not required and neither is evidence that the children be placed in the same foster home before termination. *Rocha v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 454, at 15, 637 S.W.3d 299, 309.

The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). At the time of the termination hearing, the children had been out of Wilkerson's custody for over a year, and Wilkerson had not made significant progress toward reunification. After a de novo review, we are not left with a definite and firm conviction that a mistake has been made.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.